ROBERT N. KING, Appellee, v. NELSON WARRINGTON, Appellant.

*February, 1882.*

MORTGAGES.   (1) *Absolute deed held a mortgage: Right of redemption.*

1.  A conveyance which on its face is an absolute, unconditional deed, may be made a mortgage by the agreement of defeasance of the parties. Such agreement may be proved by parol, and a right of redemption exists in the grantor and descends to his heirs. No tender is necessary to preserve that right.

The appellee, King, brought his bill in equity in the district court of the third judicial district of the territory of New Mexico, within and for the county of Grant, against the appellant, Warrington, to have the deed therein mentioned, declared a mortgage, and for redemption of the same. The bill charges and the answer admits that the deed, although absolute on its face, was given as a mortgage to secure the payment of the sum of $110 due from King to Warrington. According to the plaintiff the property was to be redeemed at any time within five years, according to the defendant, two years, which would expire in September, 1879, and which was fixed as the time. Both parties agree in the statement that Warrington was to do the assessment work necessary to hold the property under the mining laws of the United States.

Warrington sets up in his answer and testifies that he afterwards extended this time to December 15, 1879, and says that he then told King that if he did not pay the money by that time he might not get the property. This is what the defendant calls the "new contract." On December 3, 1879, $100 was paid Warrington by King towards the extinguishment of the debt. Prior to the filing of his bill King caused the sum of $500, which was in excess of the amount due to

Warrington for the original loan and for advances made by Warrington for annual assessment work on the mine, to be tendered to Warrington, who refused to accept the same, claiming that he owned the mine absolutely. There was a decree for the complainant, and Warrington appeals.

*Conway & Risque*, for appellee.

I. The deed, though absolute in its terms, but given simply as security for the payment of money, is a mortgage with all the incidents of that instrument, and the rights and obligations of the parties are the same as if the deed had been subject to a defeasance expressed in the body thereof or executed simultaneously with it : *Odell v. Montross*, 68 N. Y., 499 ; Perry on Trusts (3d ed.) vol. 1, foot note 5, p. 272 ; Story's Equity Jurisprudence, vol. 2, p. 202, sec. 1018 ; Hilliard on Mortgages, vol. 1, p. 32, sec. 2.

II. The subsequent agreement set up in the answer is not sustained by the proof, but even if it were, it would be invalid and could not cancel the complainant's right to redeem. A mortgage being intended simply for security, and the nature of the transaction affording opportunity and temptation to the lender to take advantage of the necessities of the borrower, courts of equity have strenuously resisted all attempts to abridge the right of redemption, and held express agreement for that purpose to be wholly void. The maxim upon which they proceed is : " Once a mortgage, always a mortgage :" Hilliard on Mortgages, vol. 1, p. 69, *et seq.*; Kent's Commentaries, vol. 4 (11th ed.), pp. 173–4, sec. 159, foot note C.

So inseparable, indeed, is the equity of redemption from a mortgage, that it cannot be disannexed even by express agreement of the parties. If, therefore, it should be expressly stipulated that unless the money should be paid at a particular date, or by or to a particular person, the estate should be irredeemable, the stipulation would be utterly void : Story's Equity Jurisprudence, vol. 2, p. 203, sec. 1019. An agree-

ment subsequent to the making of the mortgage between any one intrusted as mortgagee and the mortgagor or his assignee to limit the right of redemption to any certain time, is held invalid: Hilliard on Mortgages, vol.` 1, p. 90, secs. 26 and 27.

The decree in this case is equitable and just in its terms, warranted by the pleadings and evidence, and in accordance with the principles above laid down, and should be sustained.

PARKS, Associated Justice: This was a bill to redeem. The court below decreed that the complainant pay to the respondent four hundred and fifty-seven dollars in five days, and that upon such payment, respondent convey the property in question to complainant. Respondent brings the case to this court.

The rules governing this case constitute a remarkable illustration of the powers of a court of chancery. They are that a conveyance which on its face is an absolute, unconditional deed may be made a mortgage by the agreement of the parties, and that the agreement may be proved by parol ; that being a mortgage hardly any failure or neglect of the parties can change its character ; that the right to redeem is so sacred that as a general rule it descends to the heir unimpaired by any act or omission of the ancestor, and that no tender is necessary to preserve that right. In discussing the humane and generous principles upon which it will administer upon the doctrine of mortgages, Chancellor Kent seems to exult in the power of a court of chancery. That great judge, in speaking of the almost unalienable right of the debtor to redeem, becomes truly eloquent. No lawyer can read his splendid eulogy upon courts of equity, without feeling that the office of administering justice upon such principles is a noble one.

We have examined this record and find no error in it. The answer admits that the deed was given to secure the debt.

The decree is a proper one upon the case made by the proof, and is affirmed.

Decree affirmed.