[Civ. No. 9869. First Appellate District, Division One.—August 21, 1936.]

FRANK E. WILLIAMS, Appellant, v. EAST BAY MOTOR COACH LINES, LTD. (a Corporation), Respondent.

LUCILLE E. LORBER, Appellant, v. EAST BAY MOTOR COACH LINES, LTD. (a Corporation), Respondent.

Cedric Brash, Lewis N. Mitchell, Carl Appelbaum, Appelbaum & Mitchell, and Fitzgerald, Abbot & Beardsley for Appellants.

Chapman, Trefethen & Chapman and Frank S. Richards for Respondent.

THE COURT.—Consolidated actions for damages wherein the trial court directed verdicts for the defendant.

On February 25, 1934, plaintiffs Williams and Lorber— the latter then being Williams' wife—boarded a motor-bus operated by defendant on and along San Pablo Avenue in Albany, Alameda County, for the purpose of being transported north to the intersection of this avenue with McDonald Avenue, which runs in a northeasterly and southwesterly direction. From this intersection the route of the auto-bus was along McDonald Avenue to Richmond. The plaintiffs intended to walk from the intersection along San Pablo Avenue to a point several blocks to the north. The usual stopping place of the vehicle was at or near the curb on the southeast corner of the intersection; but on this occasion, due to the fact that it was raining and water was flowing in the gutter along the east side of San Pablo Avenue, the bus stopped and plaintiffs alighted several feet to the west of the curb. Plaintiff Williams fixed this point to the

northwest of the corner near the center line of San Pablo Avenue; while according to plaintiff Lorber it was further to the north at about the point of intersection of the center lines of San Pablo and McDonald Avenues. They testified that they did not notice the water until they had alighted, and then the bus had passed on. According to plaintiff Williams he protested to the driver about being compelled to alight at the place described. In this connection he testified that he was familiar with the neighborhood, having passed there frequently, and this was true, though to a less degree, of plaintiff Lorber. They then proceeded north along San Pablo Avenue, their course being to the east of the center line thereof. When they reached a point about 350 feet beyond McDonald Avenue they were struck and injured by an automobile, which was being driven north along San Pablo Avenue. Williams testified that when they alighted he looked to the south and saw the light of an automobile about 1,000 feet away, but did not recollect that any automobile passed before the occurrence of the accident. It is undisputed that there was a sidewalk on both sides of the avenue; and plaintiffs testified that they pursued the course they did because their destination was on the east side of the avenue, and that they walked in the street because of the water flowing in the gutter. Both admitted that there was nothing so far as they knew to prevent them from crossing to the west side of the avenue and using the sidewalk on that side, but for the reason stated they did not do so.

Plaintiffs contend that the defendant's employee, the driver of the bus, was negligent in failing to stop at the curb, by failing to warn them of the danger of leaving the bus at the place where they alighted and by his failure to heed Williams' protest; and that these omissions were a proximate cause of their damage.

It is admitted that the act of stopping the bus at the point described was contrary to certain ordinances of the town of Richmond and to the California Vehicle Act; also that the neighborhood was within a business or residence district as defined by the act; and that the plaintiffs, by walking on the east or right-hand side of the street were violating the act at the time they were injured.

Whatever duty may have been omitted by the defendant by the failure of its employee to stop at the curb on the corner of the intersection, it is manifest from the facts that the plaintiffs were in no actual danger of injury when they alighted; and that by walking a few feet either to the east or west from this point they would have reached a position of safety. They knew this; and their only reason for not adopting this course rather than one which was plainly perilous was that their destination was on the east side of the street and that the sidewalk on that side could not be reached without wetting their shoes. On the other side of the street, so far as appears, no obstruction existed. ■ The mere fact that the safe course is disagreeable is not sufficient to justify conduct which is manifestly perilous to life or limb. The plaintiffs had ample time after alighting to reach places safe from injury from passing vehicles. The defendant was not bound to warn them of an obvious danger such as they heedlessly courted (*Choquette* v. *Key System Transit Co.,* 118 Cal. App. 643 [5 Pac. (2d) 921]); nor was it negligent in failing to anticipate that they would violate the provisions of the California Vehicle Act. (*Dwelly* v. *McReynolds,* 6 Cal. (2d) 128 [56 Pac. (2d) 1232].)

We are satisfied that as between the plaintiffs and the defendant the sole proximate cause of the damage complained of was the plaintiffs' negligence, and that directed verdicts were proper.

The judgments are affirmed.

A petition for a rehearing of this cause was denied by the District Court of Appeal on September 19, 1936, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 19, 1936.