344 P.2d 703

Eleanor F. FERGUSON, Administratrix of
the Estate of Stroud Ash, Deceased,
Plaintiff-Appellant,

v.

Eugene HALE, Defendant-Appellee.

No. 6563.

Supreme Court of New Mexico.

Sept. 22, 1959.

·Hartley, Buzzard & Patton, Clovis, for
appellant.

Neal & Neal, Hobbs, for appellee.

McGHEE, Justice.

This suit was brought by the plaintiff act-
ing in her representative capacity as ad-

ministratrix of the estate of Stroud Ash, deceased, to recover damages for his death in a truck collision allegedly caused by the negligent acts of defendant's servant.

The case was tried to a jury in Curry County and at the close of the plaintiff's case-in-chief, the defendant moved for a directed verdict on the ground that the plaintiff had failed to present a prima facie case of negligence. The motion was sustained by the court and the jury's verdict for the defendant was returned and judgment entered thereon.

From this judgment for the defendant the plaintiff appeals to this Court.

■ On an appeal from a judgment based on a directed verdict for the defendant, the evidence must be viewed in its most favorable aspect to support the plaintiff and where reasonable minds may differ as to inferences to be drawn or the conclusion to be reached from the evidence, it becomes a question of fact to be decided by the jury. Merrill v. Stringer, 1954, 58 N.M. 372, 271 P.2d 405; Ferris v. Thomas Drilling Co., 1957, 62 N.M. 283, 309 P.2d 225; Cavazos v. Geronimo Bus Lines, 1952, 56 N.M. 624, 247 P.2d 865; Goldenberg v. Village of Capitan, 1949, 53 N.M. 137, 203 P.2d 370.

■ In determining the correctness of the decision of the trial court, we must ask whether, considering in its most favorable light only the testimony introduced by the plaintiff together with all reasonable inferences therefrom, the plaintiff had made a case that would support a judgment.

The facts to be considered are as follows:

On the wet and rainy afternoon of March 24, 1958, just east of Taiban, New Mexico, and a short distance to the west of a narrow bridge on U. S. Highway 60, the three occupants of two trucks, including plaintiff's deceased, were killed in a head-on collision which gave rise to this action.

U. S. Highway 60 at the scene of the collision is a straight asphalt road of two lanes, 21 feet in width, running east and west. The bridge over which the truck occupied by plaintiff's decedent had crossed just prior to the impact was about one foot narrower than the road itself. Defendant's truck was heading in an easterly direction when the two vehicles met and collided head-on approximately sixty feet west of the bridge. The testimony of the state policeman who investigated the crash indicated that the left front of the truck occupied by Ash struck the defendant's truck on its left a short distance behind the front bumper. Both units were almost completely destroyed by the crash and the fire that followed.

Except for a gouge mark in the center of the highway, and a few others in the west bound lane leading back toward the area on the north side of the road where both trucks came to rest, there was no evidence from.

which to determine just where the point of actual impact occurred. There were no skid marks on the pavement nor was there any debris to mark the spot.

There was only one eye witness to the accident. He was driving east and was about a half mile from the accident when it happened. He testified that he had noticed nothing abnormal about the manner in which either truck was being driven and that each was on its own side of the road.

Thus the plaintiff's case is based on these four bits of evidence:

1. The possible significance of defendant's truck being hit behind the front bumper.

2. The gouge marks on the pavement which apparently were made after impact and do not show where the trucks were at the time of impact.

3. The evidence of the eye witness who testified for the plaintiff that just prior to the accident both trucks were on their own side of the road.

4. The location of the vehicles when they came to rest after the accident.

■ This evidence even with its reasonable inferences is insufficient to show actionable negligence on the part of the defendant. A verdict for the plaintiff could of necessity be based only on speculation and conjecture. Plaintiff has not made a case which would support a judgment in his favor.

■ We therefore hold that the evidence introduced by the plaintiff is such that reasonable minds could not differ and that the directed verdict for the defendant was properly granted.

The judgment of the trial court is affirmed and it is so ordered.

LUJAN, C. J., and COMPTON, CARMODY and MOISE, JJ., concur.