354 P.2d 531

Stanley STRANCZEK, Genevieve Stranczek and United States Fidelity and Guaranty Company, Plaintiffs-Appellants,

v.

Peggy J. BURCH, Defendant-Appellee.

No. 6608.

Supreme Court of New Mexico.

July 30, 1960.

238

Stuart Hines, Louis J. Vener, Albuquerque, for appellants.

Iden & Johnson, James T. Paulantis, Albuquerque, for appellee.

MOISE, Justice.

This appeal involves the single question of whether or not the trial court erred in not submitting to the jury the question of last clear chance in a case involving an intersection collision.

Last clear chance had been pleaded. Very briefly, the proof showed that plaintiff-driver (she is joined as plaintiff by her husband and insurance carrier) was travel-

ing west on Roma in the City of Albuquerque at about 7:30 a. m. on February 25, 1957. Plaintiff testified that as she approached the intersection with Ortiz Street she looked to right and left but did not see defendant approaching from her left although from the corner she could see one block down the street in that direction. She was proceeding no more than 10 or 15 miles per hour as she entered the intersection, according to her testimony, although defendant thought she was going faster. She then looked straight ahead and proceeded across the street when she was struck on the left side to the rear of the car. She had her car under control and could have avoided a collision with an approaching car if she had seen it coming. She never saw defendant's car before the collision.

Defendant, on the other hand, was proceeding north on Ortiz at about 30 miles or more per hour and saw the plaintiff approaching the intersection and immediately slammed on her brakes laying down skid marks averaging 44 feet in length, but slid into the plaintiff's car. She was given a traffic ticket for going 30 miles an hour in a 25 mile zone and paid a $5 fine.

The evidence discloses that approaching Roma from the south the defendant's car traveled a distance of approximately 79½ feet from where defendant testified she first saw plaintiff approaching to the point of impact. An expert offered by plaintiff testified that in the reaction time which would elapse at 30 miles per hour a car would travel 33 feet. The car skidded 44 feet, which added to the distance it would have traveled during the reaction time gives a total of 77 feet. The variation or difference between 77 feet and 79½ feet or any figure in that neighborhood is so close to the situation which coincides with defendant's story, that it would be impossible to say she did not put on her brakes as soon as she saw plaintiff approaching the intersection and about 50 feet from it, as she testified she did. There is no contradictory testimony.

The case was submitted to the jury on the law applicable to negligence and contributory negligence and a verdict was returned for defendant. This appeal followed.

On a motion to direct a verdict on any issue in a case, or to remove it from consideration of the jury, the evidence must be viewed in the light most favorable to plaintiff and all inferences reasonably to be drawn therefrom are to be indulged in favor of plaintiff. If reasonable minds may differ it is a proper question to be submitted to the jury, otherwise it should be withdrawn. Cavazos v. Geronimo Bus Lines, 56 N.M. 624, 247 P.2d 865; Ferguson v. Hale, 66 N.M. 190, 344 P.2d 703.

Applying this rule, was plaintiff entitled to have the question of last clear chance submitted to the jury?

■ In the very recent case of Lucero v. Torres, 67 N.M. 10, 350 P.2d 1028, 1032, Justice Chavez, in an exhaustive opinion on the subject of last clear chance reviewed the law as it is applied in this state. In that opinion we recounted the four elements necessary to justify or warrant application of the doctrine, as follows:

"(a) That the plaintiff has been negligent;

"(b) That as a result of his negligence, he is in a position of peril, from which he cannot escape by the exercise of ordinary care;

"(c) That the defendant knows, or should have known, of plaintiff's peril; and

"(d) That defendant then had a clear chance, by the exercise of ordinary care, to avoid the injury, and that he failed to do so."

■ In the instant case there is no evidence and no possible inference that could be drawn from the evidence that the situation was different from that told by defendant—that as soon as she saw plaintiff approaching the intersection she applied her brakes, but nevertheless she skidded into the car of plaintiff. This being true we do not see how reasonable minds could differ in the conclusion that defendant neither knew nor could she have known of plaintiff's peril, nor did she have a clear chance by the exercise of ordinary care to avoid the injury. That there was neither evidence nor permissible inference which would have supported a finding that defendant had the last clear chance, we are convinced. As said in Lucero v. Torres, supra, "the doctrine of the last clear chance implies time for appreciation and thought and time to act effectively." This defendant did not have the requisite time. Under these circumstances to withdraw it from the jury was proper. Merrill v. Stringer, 58 N.M. 372, 271 P.2d 405.

The trial court having ruled correctly, the case should be affirmed and it is so ordered.

McGHEE, C. J., COMPTON and CARMODY, JJ., and LUIS E. ARMIJO, District Judge, concur.