366 P.2d 706

**Freda BELL, Plaintiff-Appellant,**

v.

**Nolen WARE and Wyvion Ware, his wife, Defendants-Appellees.**

**No. 6879.**

Supreme Court of New Mexico.

Nov. 21, 1961.

Rehearing Denied Dec. 21, 1961.

**310**

---

Jay Morgan, Portales, Nelson, McCleskey & Harriger, Lubbock, Tex., for appellant.

James C. Compton, Portales, for appellees.

NOBLE, Justice.

Action was brought in the district court of Roosevelt County to have two deeds, each conveying an undivided one-half interest in a 480-acre farm and absolute in form, declared an equitable mortgage; for an accounting of the rents and profits; and, for an order directing reconveyance of the land upon payment of the claimed mortgage debt. The case was tried to a jury and this appeal is from a directed verdict for defendants at the close of plaintiff's case and from the judgment entered pursuant thereto.

Appellant asserts that the deeds, even though absolute in form, were intended by the parties as a mortgage to secure an indebtedness of appellant to appellees. She insists that the trial court failed to apply the proper rules in considering the motion for a directed verdict at the close of plaintiff's case, and that the evidence to support her case is substantial.

This jurisdiction follows the great weight of authority that a deed, absolute in form, may be shown to have been intended as a mortgage and that this may be established by parol. King v. Warrington, 2 N.M. 318; Palmer v. The City of Albuquerque, 19 N.M. 285, 142 P. 929, L.R.A. 1915A, 1106; Sargent v. Hamblin, 57 N.M. 559, 260 P.2d 919; Boardman v. Kendrick, 59 N.M. 167, 280 P.2d 1053. See, also, Trujillo v. Montano, 64 N.M. 259, 327 P.2d 326.

A deed, absolute in form, is presumed in law to be an absolute conveyance, and, in the absence of a showing of fraud, mistake, ignorance, or undue influence, the burden is on one seeking to establish it as a mortgage to overcome this presumption by clear, unequivocal, and convincing evidence. Sargent v. Hamblin, supra; 1 Glenn on Mortgages, § 11 (1943); Osborne on Mortgages, §§ 72, 74 and 76; Pomeroy's Equity Jurisprudence, Vol. 4, § 1196.

In reviewing a judgment based upon a directed verdict for defendant at the close of plaintiff's case, the court must

view the evidence in its aspect most favorable to the plaintiff, including all permissible inferences to be drawn from it; and, where reasonable minds may differ as to the conclusion to be reached from such evidence, or its permissible inferences, the question of facts is one to be decided by the jury. Ferguson v. Hale, 66 N.M. 190, 344 P.2d 703; Sandoval v. Brown, 66 N.M. 235, 346 P.2d 551. But, if reasonable minds cannot differ as to the conclusion to be reached that there is neither evidence nor permissible inferences from it to support a verdict for plaintiff, the verdict should be directed. Stranczek v. Burch, 67 N.M. 237, 354 P.2d 531; Cavazos v. Geronimo Bus Lines, Inc., 56 N.M. 624, 247 P.2d 865; Merrill v. Stringer, 58 N.M. 372, 271 P.2d 405; Lindsey v. Cranfill, 61 N.M. 228, 297 P.2d 1055. See, Cole v. Younger, 58 N.M. 211, 269 P.2d 1096; Landers v. A. T. & S. F. Ry. Co., 68 N.M. 130, 359 P.2d 522. This court has announced the rule many times in varying language. We think it would serve no useful purpose to review each of our decisions. Suffice it to say that in whatever language it may have been stated, it is based upon the reasoning that if there is substantial evidence to support a verdict for the plaintiff, the issue is one for the jury. However, the question whether the evidence to support a verdict for plaintiff, if rendered, is substantial is one of law to be determined by the court. In resolving the question of law, the court may not weigh conflicting evidence, but only determine whether there is substantial evidence to support a verdict for plaintiff.

Appellant strongly urges that she made out a prima facie case for recovery and that the jury should have been permitted to decide the issues. The evidence pointed out to us as supporting her position is in substance that appellees are her daughter and son-in-law; that she executed a deed conveying to them an undivided one-half interest on November 20, 1955, and conveyed the remaining one-half interest on June 4, 1957. The reason given for the conveyance was her need of some money for living expenses. At the time of the first deed, appellant owed appellees $2,000 represented by a note secured by a mortgage on the farm. This indebtedness arose out of the drilling and equipping of irrigation wells on the land. The $2,000 note and mortgage were cancelled and released. Appellees, in addition, paid her $975 in cash and gave their note for $625. At the time of the second conveyance, the grantees (appellees) gave appellant their note for $3,850, payable in monthly installments of $25, bearing interest on delinquent installments. The amount of $1,710 had been paid and credited on the note at the time of trial. Appellees entered into possession of the farm and thereafter appellant received no rents or profits from it. There was testimony that the property was worth $20,000 both at the time of the conveyance and at the time of the trial.

■ Appellant testified that appellees told her, at the time of delivery of each of the deeds, that they would reconvey the property to her if she could find a buyer and repay them what they had paid or advanced to her. An agreement by a grantee to reconvey if grantor could find a buyer for the premises and repay the grantee is not sufficient to support a finding by the jury that the deeds were, in fact, intended as an equitable mortgage absent evidence of an enforceable indebtedness of the grantor to the grantee.

■ The decisive test is found in our decision in Sargent v. Hamblin, supra [57 N. M. 559, 260 P.2d 926], where it was said:

"One test which may be applied in determining the nature of the transaction is whether there exists mutuality and reciprocity of rights between the parties. In other words, it may be helpful to determine whether the grantee has the right to compel the grantor to pay the consideration named in the agreement for reconveyance. If he can compel such payment the transaction is generally regarded as a mortgage, while if he cannot compel such payment the transaction is generally regarded a conditional sale."

■ See, also, the annotation at 155 A. L.R. 1104 and the cases cited. The great weight of authority supports the position that the existence of an indebtedness running from the grantor to the grantee is essential to a conclusion that a deed be construed as a mortgage. Not only must there be the indebtedness, but the rights and remedies of the parties must be mutual, that is, there must be the right of the grantee to demand and enforce his debt and the obligation of the grantor to pay. Wade v. McGinnis, 247 Ky. 261, 56 S.W. 2d 1000; Hobbs v. Houston, 195 Ga. 571, 24 S.E.2d 884. If the grantee has no right to compel payment the transaction is a conditional sale. J. W. Pierson Co. v. Freeman, 113 N.J.Eq. 268, 166 A. 121. There is no assertion that the deeds were induced by fraud or by any overreaching on the part of appellees.

■ A careful examination of the record discloses that there is a complete absence of any proof of indebtedness from appellant to appellees which could be enforced by appellees. Applying the applicable rules, appellant has fallen short of establishing, by any substantial evidence, an intention to create an equitable mortgage.

Finding no error, the judgment appealed from will be affirmed.

It is so ordered.

CARMODY and MOISE, JJ., concur.

COMPTON, C. J., and CHAVEZ, J., not participating.