402 P.2d 150

**C. A. TEVIS, Plaintiff-Appellee,**

**v.**

**H. L. McCRARY, Defendant-Appellant.**

**No. 7528.**

Supreme Court of New Mexico.

May 17, 1965.

Dan B. Buzzard, Clovis, Jay T. Morgan, Portales, for appellee.

Mears, Mears & Boone, Portales, for appellant.

CARMODY, Chief Justice.

In a prior appeal in this case, we reversed with instructions to reinstate the case on the docket. The opinion in the former appeal, under the same caption as the instant case, appears in 72 N.M. 134, 381 P.2d 208, and it was there decided that the plaintiff Tevis had a remedy in damages for the claimed contamination of a well and need not exhaust his administrative remedies relating to protest and appeal from a decision of the State Engineer. Following remand, the case was tried to a jury, which rendered a verdict favorable to the plaintiff, and the defendant McCrary appeals.

The claimed errors are an attack on the action of the trial court in allowing certain testimony, the claim that the trial court should have instructed a verdict because of the lack of substantial evidence to support plaintiff's complaint, and, lastly, that the trial court should have stricken the allegations of punitive damages and erred in failing to give any instructions on the subject.

It appears from the evidence that there was a shallow domestic well on an 80-acre tract of land which the plaintiff has owned and lived on since 1938. In April 1941, the defendant acquired an 80-acre tract adjoining that of the plaintiff to the south and west, and drilled two irrigation wells on the northern portion of this tract. However, neither of these wells was satisfactory, and the defendant, in 1958, applied for a permit to change the location of one of the wells. There being no protest to this application, the State Engineer granted a permit to change the location of the well. Thereafter the defendant drilled a well within 150 feet of the plaintiff's shallow domestic well. During the time the well was being drilled and before it was test pumped, the plaintiff advised the defendant that if the drinking water from his domestic well became impaired, he would have to sue the defendant. Thereafter a case was filed, which is not important for determination of the present controversy. The instant case, which was tried on the original complaint following remand, sought special damages in the amount of $3,000.00, general damages in the sum of $4,000.00, and punitive damages for $5,000.00. Following the trial, the jury returned a verdict in favor of the plaintiff and assessed the recovery as follows:

"The sum of $ _–0–_ for special damages, $1,333.00 for general damages, $ _–0–_ for punitive damages."

The court entered judgment on the verdict and the defendant instituted this appeal.

■ Defendant claims that the trial court erred in allowing proof as to two items of evidence. The first of these was the admission, over objection, of an exhibit, which was an estimate of the cost of drilling and equipping a new well and piping water therefrom to the plaintiff's house. It was the plaintiff's theory that this was proof of special damages. It is implicit from the jury's verdict that no special damages were awarded, and it is therefore incumbent upon the defendant to show in what manner the admission of this evidence was prejudicial. This has been the rule in New Mexico since Pino v. Beckwith, 1852, 1 N.M. 19. The defendant has totally failed to demonstrate how the admission of the exhibit operated to his prejudice. There is no showing in the record, other than pure speculation, that the introduction of this exhibit in any way influenced the jury. The estimate of the cost as shown by the exhibit was $2,114.60, and when this is considered together with the jury's verdict in a much lesser amount and the denial of any special damages, it seems obvious that there was no prejudice.

The defendant also urges that the trial court erred in allowing a non-expert to give an opinion concerning the value of plaintiff's property with and without a domestic well. Defendant strongly relies on New

Mexican Railroad Co. v. Hendricks, 1892, 6 N.M. 611, 30 P. 901, which generally determined that it was error in allowing certain opinion testimony into evidence. Nevertheless, the New Mexican Railroad case was affirmed, because there was other competent evidence upon which the verdict was based. The court said:

"* * * When, therefore, we examine the facts as presented to the jury, and find that the verdict is amply supported by competent evidence, and that in amount or in character such verdict clearly indicates that it was based on the competent rather than incompetent testimony, and that upon the whole case substantial justice has been done, we think it is our duty to affirm the judgment. * * *

"* * * We think that, excluding all the immaterial and incompetent evidence, there still remains sufficient in the record to support this verdict, and that no substantial good could result by reversing the cause, and remanding it for new trial. * * *"

■■■ The situation in the instant case is very similar, inasmuch as there is substantial evidence to support the verdict based upon the testimony of a qualified real estate broker. This court does not sit to correct errors that do not affect the ultimate decision of the court. See Pearce v. Strickler, 1898, 9 N.M. 467, 54 P. 748; State Trust &

Savings Bank v. Hermosa Land & Cattle Co., 1925, 30 N.M. 566, 240 P. 469. Thus we do not deem it necessary to decide if the admission of the opinion testimony was error, since, at the most, it would be harmless.

■■■ The next assertion by the defendant is the claimed error in denying the motion for a directed verdict. It is clear that on a motion for a directed verdict for the defendant at the close of the plaintiff's case, the evidence and all permissible inferences to be drawn therefrom must be viewed in an aspect most favorable to the plaintiff, and where reasonable minds may differ as to the conclusion to be drawn from the evidence or permissible inferences, a fact question is presented for the jury and the motion should be denied. Bell v. Ware, 1961, 69 N.M. 308, 366 P.2d 706; Stranczek v. Burch, 1960, 67 N.M. 237, 354 P.2d 531. Suffice it to say that we have reviewed the record and conclude that sufficient evidence was adduced by the plaintiff to justify the denial of the motion.

■■■ In connection with this claimed error, the defendant also urges a lack of substantial evidence to support the verdict. As nearly as we can understand this issue, the defendant is, in effect, questioning the proof as it relates to proximate cause. Ordinarily, of course, the question of proximate cause is a matter for the determination of the trier of fact, in this case the jury. See

Greenfield v. Bruskas, 1937, 41 N.M. 346, 68 P.2d 921; White v. Montoya, 1942, 46 N.M. 241, 126 P.2d 471; and Lucero v. Harshey, 1946, 50 N.M. 1, 165 P.2d 587. There is evidence in the record that the water in the domestic well went bad about the time the defendant drilled his well. Again, this question was controverted, but nonetheless we find the evidence substantial to support the implied finding by the jury that the drilling of the well by the defendant was the proximate cause of the plaintiff's injury. Such a finding will not be disturbed on appeal. Chandler v. Battenfield, 1951, 55 N.M. 361, 233 P.2d 1047; Padilla v. Winsor, 1960, 67 N.M. 267, 354 P.2d 740; Lovato v. Hicks, N.M.1965, 398 P.2d 59. See also Reid v. Brown, 1952, 56 N.M. 65, 240 P.2d 213; Silva v. Haake, 1952, 56 N.M. 497, 245 P.2d 835; Los Alamos Medical Center v. Coe, 1954, 58 N.M. 686, 275 P.2d 175, 50 A.L.R.2d 1033; and Barakos v. Sponduris, 1958, 64 N.M. 125, 325 P.2d 712.

█ Lastly, the defendant maintains that the trial court erred in refusing to strike the allegations seeking punitive damages and the court's refusal to give any instructions on the question of punitive damages. Here, again, in view of the jury's verdict denying any punitive damages, it is difficult for us to see how any prejudice resulted to the defendant. Although it is argued that the action of the trial court, in failing to withdraw from the jury the question of punitive damages, in some way allowed the jury to speculate and that the general damage verdict could contain some punitive damages, nevertheless we can only deal in probabilities, not possibilities or speculation. Pino v. Beckwith, supra, makes it quite clear that the duty is upon the party claiming error to demonstrate the prejudice to his rights caused by the alleged error. Accord, Goldenberg v. Law, 1913, 17 N.M. 546, 131 P. 499; and Keil v. Wilson, 1943, 47 N.M. 43, 133 P.2d 705, 148 A.L.R. 397. Cf., Edwards v. Peterson, 1956, 61 N.M. 104, 295 P.2d 858; Johnson v. Nickels, 1959, 66 N.M. 181, 344 P.2d 697; and Southern California Petroleum Corp. v. Royal Indem. Co., 1962, 70 N.M. 24, 369 P.2d 407. We are satisfied that there was sufficient substantial evidence to support the jury's verdict.

█ Thus, on the facts before us, even though the trial court perhaps committed error with respect to the question of punitive damages, nevertheless there is no showing that it was anything other than harmless error.

The judgment will be affirmed. It is so ordered.

NOBLE and COMPTON, JJ., concur.