409 P.2d 497

**Carlos M. TABET and Theresa Tabet, his wife, Joseph Tabet and Lily Tabet, his wife, Plaintiffs-Appellants,**

**v.**

**SPROUSE-REITZ CO., Inc., an Oregon Corporation, James I. Grandy and Brooks Nash, Defendants-Appellees.**

**No. 7711.**

Supreme Court of New Mexico.

Jan. 3, 1966.

Rehearing Denied Jan. 17, 1966.

**646**

Simms & Garcia, Reginald J. Garcia, Albuquerque, for appellants.

Rodey, Dickason, Sloan, Akin & Robb, William C. Briggs, Albuquerque, for appellees.

COMPTON, Justice.

This is an action for damages against Sprouse-Reitz Co., Inc. for breach of lease contract and, by second cause of action, against James I. Grandy and Brooks Nash for their tortious interference with the contract. Issue was joined and by counterclaim Sprouse-Reitz Co., Inc. sought a termination of the contract. From a judgment in favor of the defendants on the issue of damages, but denying the counter-claim of Sprouse-Reitz Co., Inc. for termination of the lease, all parties have appealed.

On February 18, 1955, the plaintiffs leased a store building and appurtenances thereto in Belen, New Mexico to the defendant, Sprouse-Reitz Co., Inc., for a retail variety business for a term ending December 31, 1980, and for a monthly rental of $83.33 plus 5% of the net retail sales for each calendar year in excess of $20,000.00. The cause was initially submitted to a jury, the parties stipulating that the only issues to be determined by the jury were whether the monthly rental of $83.33 was nominal and as to the amount of damages caused by the defendants' breach of the contract.

At the close of the case the defendants moved for a directed verdict. The court

concluded (a) that the lease contained an implied covenant that Sprouse-Reitz would take reasonable steps to continue retail business on the premises; (b) that the plaintiffs would not compete with the lessee by leasing other premises to a competitor; and (c) that plaintiffs' violation of this covenant excused Sprouse-Reitz from compliance with the implied covenant to continue retail business on the premises. Based thereon the court directed a verdict for the defendants.

Appellants contend first that the court erred in directing a verdict for the appellees. They base their contention on the findings by the court that the monthly rental was nominal only, and that the lease contained an implied covenant that appellees would continue the retail business upon the premises. They argue that it was error for the court at the same time to find that the lease contained an implied covenant that appellants would not compete. Accordingly, the issue to be determined is whether, when the facts are considered in their aspect most favorable to appellant, reasonable minds could not differ on the question of whether an implied covenant not to compete was intended.

The lease in question is the third entered into by the parties covering the premises. The first was a 10-year percentage lease in 1939 which provided that the premises would be operated by appellee Sprouse-Reitz as a retail variety business. The stipulated rental therein was $75.00 monthly and in addition thereto an equivalent of 5% of the net retail sales for each calendar year in excess of $20,000.00. In 1949, the parties renewed the lease for 10 years and 5 months, but agreed upon a stipulated monthly rental of $83.33. On February 18, 1955, the parties again renewed the lease for a term of 25 years, 10 months and 11 days, being the lease in question.

The contract proved to be financially feasible to both parties from the beginning until 1960. In the latter part of 1959, appellant Joe Tabet constructed a shopping center in the immediate area, and on August 9, 1960 leased a substantial space therein with a building thereon to T G & Y Stores Co. for a variety store, the identical type of business as that then being conducted by Sprouse-Reitz. The T G & Y Stores Co. lease provided for more modern facilities and a more adequate parking space than the Sprouse-Reitz location. Beginning with the operation of T G & Y Stores Co. in October 1960, less than 2 blocks away, Sprouse-Reitz' sales suddenly declined to where it was operating at a loss. As a result Sprouse-Reitz closed its retail business and uses the building for storage only while continuing its retail business in a new location leased from appellees Grandy and Nash.

In the consideration of a defendant's motion for a directed verdict the court

must view the plaintiff's evidence together with all reasonable inferences that could reasonably be drawn therefrom in a light most favorable to the plaintiff, disregarding all evidence to the contrary. If reasonable minds may differ, it is a proper question to be submitted to the jury, otherwise it should be withdrawn. Hutchison v. Boney, 72 N. M. 194, 382 P.2d 525; Stranczek v. Burch, 67 N.M. 237, 354 P.2d 531. Tested by this rule, we think the court ruled properly. Appellants' competitive conduct removed all issues of fact from the consideration of the jury. There is implicit in the lease a mutual covenant that the plaintiffs would not compete, even indirectly, with appellees in such manner as to destroy its effectiveness. The mutual purposes of the parties and the performance of the contract would permit no other conclusion.

In Daitch Crystal Dairies, Inc. v. Neisloss, 8 N.Y.2d 723, 201 N.Y.S.2d 101, 167 N.E.2d 643, the court of appeals upheld the statement by the appellate division of the principle applicable to percentage leases as follows:

" * * * since rental was computed on amount of gross business of plaintiff corporation, there was necessarily a mutual covenant, whether expressed or not, of extreme good faith by each party, both as to interpretation and as to performance of the lease agreement, * * *."

In Carter v. Adler, 138 Cal.App.2d 63, 291 P.2d 111, the court expressed the principle thusly:

" * * * A landlord is governed by the same rule. He cannot by any circumlocution or tergiversation avoid the covenant of good faith which attends him in the performance of his obligations to his lessee. Neither lessee nor lessor can avoid liability for damages where they are operating under a percentage rental lease and either conducts a competing business on adjacent premises, causing a reduction of the gross receipts on the demised premises. * * *

"To be justifiable, competition can be only that which is carried on in good faith, not that by which the wrongful party is seeking to gratify his feeling of chagrin, disappointment or hatred for another. Prosser's Law of Torts, p. 751, 2d Edition. Such competition has no rightful place in the commerce of the modern world: the man on the street abhors it, the publicist stands aghast at it and the courts condemn it. Where lessees have undertaken to conduct an honorable, profitable business on the lands of their lessor, the latter will not be permitted to frustrate the mutual purposes of the parties or drive the lessees from the business world. He will not be applauded for either taking advantage of the lessee while oper-

ating fairly on the demised premises or for subsequently acquiring adjacent land and operating a cutthroat competition with his lessee."

Strong reliance is placed on Lippman v. Sears, Roebuck & Co., 44 Cal.2d 136, 280 P.2d 775 as support of appellants' position. We have carefully considered the case and it is our view that the case does not require a different conclusion; it is distinguishable on the facts.

The appellants make an issue of the fact that appellees Grandy and Nash leased another building in the area to Sprouse-Reitz for its retail business. It is on this basis that they are charged with interference with the lease in question. It is true, Grandy and Nash constructed a building in the area and leased the same to Sprouse-Reitz July 1, 1960, but this does not present a meritorious issue. Grandy was district manager and Nash store manager for Sprouse-Reitz, and it was only when appellants' competitive plans were made known to them in November 1959 that they began to look for and did provide new quarters for Sprouse-Reitz. Having concluded that Sprouse-Reitz was not guilty of any actionable breach of the lease, it follows that Grandy and Nash are not liable in tort. Compare Wolf v. Perry, 65 N.M. 457, 339 P.2d 679.

The appellants have advanced other points for reversal. These have been considered and are resolved by the conclusion announced, or are found without merit.

With regard to the cross appeal, appellees suggest in their brief that it is to be considered only in the event the judgment should be reversed; the conclusion reached obviates a discussion of it.

The judgment should be affirmed, and it is so ordered.

NOBLE and MOISE, JJ., concur.