458 P.2d 94

Jeanne VANDER BIESEN, Plaintiff in Intervention-Appellant,

v.

Hattie Mae LEWIS, Defendant in Intervention-Appellee.

No. 319.

Court of Appeals of New Mexico.

Aug. 8, 1969.

Robert A. Martin, Toulouse, Moore & Walters, Albuquerque, for appellant.

LeRoi Farlow, Farlow & Duffy, Albuquerque, for appellee.

## OPINION

SPIESS, Chief Judge.

This appeal is from a directed verdict in favor of defendant in intervention, referred to as defendant, and the judgment rendered thereon. The plaintiff in intervention, Jeanne Vander Biesen, herein called plaintiff, was a passenger in an automobile driven by her husband, Arnoud E. Vander Biesen. They were traveling in a northerly direction on Carlisle Boulevard in Albuquerque. At the time the defendant, Hattie Mae Lewis, was driving her automobile in a southerly direction upon Carlisle Boulevard.

Upon reaching a ramp, or roadway, which intersects Carlisle and enters an eastbound freeway, defendant turned to her left upon the ramp or roadway. A collision occurred between defendant's automobile and the car in which plaintiff was riding as defendant undertook to cross the portion of Carlisle upon which plaintiff was traveling. Traffic at the intersection of Carlisle and the ramp, or roadway, was controlled by electric signals.

Both the plaintiff and her husband testified that the signals were favorable to them, "green", as they entered the intersection but despite that fact defendant drove her car into the intersection and in the path which plaintiff was traveling resulting in the collision and plaintiff's injuries.

Defendant, on the other hand, testified that she made the left turn upon a light favorable to her and failure of the driver of the car in which plaintiff was riding to stop in obedience to the traffic signal controlling his movement, caused the collision and plaintiff's injury. Eyewitnesses corroborated the testimony of the defendant.

It is clear from the record that if the testimony of the plaintiff and her husband is believed the defendant ran a red light.

If defendant's testimony and that of the eyewitnesses is believed, the plaintiff's husband operating the vehicle in which she was riding ran a red light. An issue of fact is presented.

Plaintiff contends that the trial court erred in directing the jury to return a verdict in favor of defendant at the close of the evidence. We agree with this contention.

The controlling law has been stated in numerous cases. Apodaca v. Miller, 79 N.M. 160, 441 P.2d 200 (1968); Bank of New Mexico v. Rice, 78 N.M. 170, 429 P.2d 368 (1967); Chandler v. Battenfield, 55 N.M. 361, 233 P.2d 1047 (1951); Nichols v. Texico Conference Association of Seventh Day Adventists, 78 N.M. 787, 438 P.2d 531 (Ct.App.1968); Smith v. Loos, 78 N.M. 339, 431 P.2d 72 (Ct.App.1967), cert. denied 78 N.M. 337, 431 P.2d 70 (1967).

In Lovato v. Plateau, Inc., 79 N.M. 428, 444 P.2d 613 (Ct.App.1968), we said:

" * * * the law is well established in New Mexico that in considering a motion by defendant for a directed verdict the trial court must view plaintiffs' evidence in its most favorable aspect, indulging all reasonable inferences to be drawn therefrom and disregarding all unfavorable evidence and inferences."

The statement of law in these cases provides an adequate test to be applied here. Considering the evidence presented by plaintiff under the rule stated, we conclude that the issue should have been submitted for determination by the jury. In other words, it is our view that on plaintiff's evidence a finding that defendant ran a red light would have been warranted.

In support of the directed verdict defendant argues that the evidence is such that reasonable minds cannot differ as to the conclusion to be reached, namely, that there is neither evidence nor permissible inferences from it to support a verdict for plaintiff and consequently the verdict was properly directed. Citing: Tabet v. Sprouse-Reitz Co., 75 N.M. 645, 409 P.2d 497 (1966); Bell v. Ware, 69 N.M. 308, 366

P.2d 706 (1961); Cavazos v. Geronimo Bus Lines, 56 N.M. 624, 247 P.2d 865 (1952).

Based upon the result we have reached we do not consider the rule stated by defendant, nor the cases cited by her, to be controlling in this situation. It follows that the judgment is reversed and the case remanded for proceedings in harmony herewith.

It is so ordered.

OMAN and WOOD, JJ., concur.