**260 P.2d 1108**

**MOSS et al. v. ACUFF.**

**No. 5649.**

Supreme Court of New Mexico.

Aug. 17, 1953.

Rehearing Denied Sept. 29, 1953.

Smith & Smith, Clovis, for appellant.

Hartley & Buzzard, Clovis, for appellees.

COMPTON, Justice.

This is an action for damages resulting from a collision of motor vehicles. New Mexico Farm Mutual Insurance Company,

the insurance carrier for Moss, joined as a party plaintiff. Appellant's negligence is charged as a proximate cause of the accident and the resultant injury. Issue was joined by a general denial. As an affirmative defense, appellant pleaded contributory negligence on the part of appellee Moss. From a judgment against him, appellant brings the cause here for review.

On the morning of April 7, 1952, at approximately 7:30, appellee was driving his pickup truck in a southerly direction on state highway 18, about one mile north of Clovis, at a speed estimated by him from 50 to 55 miles per hour. At the same time appellant was driving a truck in a northerly direction. As they approached each other and when about forty feet apart, appellant, without giving any signal or warning, turned sharply to the left with the intention of entering a side road. He then observed a pool of water at the intersection of the side road and reduced his speed so as to avoid splashing the mud and water, thereby blocking appellee's lane of travel. Obviously, both drivers were negligent per se; appellant in failing to signal or give warning of his intention to make a left turn, § 68–517, 1941 Comp., appellee in violating the speed law, § 68–504(b) of the statute.

▇▇▇ No rule of law has been more generally accepted than the rule that the contributory negligence of a plaintiff is a defense for a defendant charged with negligence. Equally accepted is the rule that the right of a plaintiff to recover for his own injury is not affected by having contributed to the injury, unless proximately contributing. Williams v. Haas, 52 N.M. 9, 189 P.2d 632; Haire v. Brooks, 42 N.M. 634, 83 P.2d 980. Also see Miller v. Marsh, 53 N.M. 5, 201 P.2d 341; 60 C.J.S., Motor Vehicles, § 299.

The effect of statutory violation by drivers is discussed at 5 Am.Jur. "Automobiles" § 409. The author says:

"It is well settled that the violation of a statute or ordinance regulating the movement of vehicles on public streets, highways, bridges, etc., which does not contribute directly to an injury, does not relieve from liability an individual who has been guilty of negligence; however, such a violation, if proximately causing an injury, may be set up as a defense by pleading it as contributory negligence. The fact that the plaintiff violated a traffic regulation at the time of the accident, while not conclusive or necessarily determinative of his own contributory negligence, is a circumstance to be considered in determining whether, at the time of the accident complained of, he acted with reasonable care, so as to free himself from negligence contributing directly to the injury. The mere concurrence of the violation of a traf-

fic regulation with an accident in point of time does not, of itself, render the violation a concurring cause of the injury. * * *"

The test by which the contributory negligence of appellee Moss is to be determined, is whether he acted as a reasonably prudent person under the peculiar circumstances of the case, considering road hazards, etc. Appellant was driving what is commonly known as a "bobtail" pickup. It has a longer bed than the ordinary pickup, extending some six feet back of the rear wheels. At the point of the accident the road was straight and the view of the drivers was unobstructed. The pavement was twenty feet wide with sloping shoulders on either side. It had rained the night before, there was water in the barrow pits and the paving was wet. When appellee first noticed the highway was being blocked by appellant's truck, he applied his brakes gently to avoid the possibility of turning over or skidding into appellant. At the same time he pulled his pickup to the left, within three or four inches of the east edge of the pavement. Realizing his perilous condition, appellant accelerated his motor to complete the turn quickly, and as he did so, the rear end of his truck swung around, blocking the east lane of travel, and the collision followed. The rear six inches of appellant's truck came in contact with the right side of the Moss pickup, resulting in the damages alleged. The side road from the west did not extend to the east of highway 18, and to avoid the collision, Moss would have had to drive his truck off the pavement and thereby risk the danger of landing in the barrow pit. The trial court concluded Moss was without fault at the time of the accident. It found the accident was caused solely by appellant's negligence. In this regard, the evidence is substantial. To set aside the finding, we would have to say as a matter of law that appellee's negligence denied him the right of recovery. On the record before us, such conclusion is unwarranted.

The judgment will be affirmed with direction to the trial court to enter judgment against appellant and the sureties upon his supersedeas bond, and It Is So Ordered.

SADLER, C. J., and McGHEE, LUJAN and SEYMOUR, JJ., concur.