442 P.2d 807

**Homer A. McCOY and Edna McCoy, Plaintiffs-Appellants,**

v.

**W. A. GOSSETT, Administrator of the Estate of Houston Workman, Deceased, Defendant-Appellee.**

**No. 76.**

Court of Appeals of New Mexico.
May 31, 1968.

318

Lon P. Watkins, Carlsbad, for plaintiffs-appellants.

Michael R. Waller, C. D. Martin, Hinkle, Bondurant & Christy, Roswell, for defendant-appellee.

## OPINION

SPIESS, Chief Judge.

This appeal is from a final judgment entered for the defendant pursuant to a directed verdict in a negligence case which involved an automobile accident. The propriety of instructing the jury to find for the defendant and against the plaintiffs depends upon whether there was any evidence introduced from which the jury might have found in favor of plaintiffs-appellants upon the theory of last clear chance.

It is fundamental that a plaintiff seeking recovery under the doctrine of last clear chance has the burden of establishing all facts and elements essential to invoke the doctrine. It must be shown: (1) that plaintiff has been negligent, (2) that as a result of his negligence he is in a position of peril from which he cannot escape by the exercise of ordinary care, (3) that defendant knows or should have known of plaintiff's peril, and (4) that defendant then had a clear chance by the exercise of reasonable care to avoid the injury and that he failed to do so. Floeck v. Hoover, 52 N.M. 193, 195 P.2d 86 (1948); Sanchez v. Gomez, 57 N.M. 383, 259 P.2d 346 (1953); Burnham v. Yellow Checker Cab, Inc., 74 N.M. 125, 391 P.2d 413 (1964).

It appears that the accident involved occurred on January 26, 1966, at approximately 12:00 o'clock noon in the 100 block of North First Street in Carlsbad, New Mexico. The weather was clear and the street dry. North First Street in the area runs in a northerly and southerly direction. The plaintiff-appellant, Mrs. Edna McCoy lives on the west side of North First Street. Immediately prior to the accident she entered her automobile preparatory to driving into North First Street. Her automobile was then parked in the driveway adjacent to her home and was headed toward the street. Upon entering the car and before moving it forward Mrs. McCoy looked to the north along North First Street and saw the vehicle driven by the defendant, Houston Workman, proceeding in a southerly direction along the street. Mrs. McCoy estimated that the Workman vehicle was approximately a block from her at the time she saw it.

Mrs. McCoy then proceeded to start her car and drive it along her driveway toward

the street. She stopped at the intersection of her driveway within the street and looked to the south but did not look to the north, although she knew the Workman vehicle was coming from that direction. She then drove into First Street, turned to the right, proceeding south along the street.

It appears from the testimony that at this time there was no traffic on the street in the area except the automobile being operated by Mrs. McCoy and defendant's vehicle. Mrs. McCoy pulled on to North First Street at a very low rate of speed and when she reached a point about ten feet from the southerly edge of her driveway at the point it intersects with the street the automobile driven by defendant collided with Mrs. McCoy's car.

It appears that as Mrs. McCoy entered the street she saw defendant's car in her rear view mirror, slowed down and pulled toward the righthand curb. At the time of the collision the right side of Mrs. McCoy's car was approximately six feet from the righthand curb. There were seventy-one feet of skid marks left by defendant's vehicle which extended in a straight line from the point of impact.

It is the general rule that upon defendant's motion for directed verdict the court views the evidence and inferences therefrom in the light most favorable to plaintiff and disregards unfavorable testimony and inferences. Landers v. Atchison, T. & S. F. Ry. Co., 68 N.M. 130, 359 P.2d 522 (1961); Mozert v. Noeding, 76 N.M. 396, 415 P.2d 364 (1966); Tabet v. Sprouse-Reitz Co., 75 N.M. 645, 409 P.2d 497 (1966).

In the light of this rule did the trial court err in directing the verdict for defendant?

Expert testimony was introduced from which it is inferable that defendant's car traveled approximately 109 feet from where he first saw the plaintiff's car emerging from the driveway to the point of impact and further that defendant at the time was traveling at approximately 35 miles per hour.

It appears that at 35 miles per hour defendant's car traveled 38 feet during the estimated reaction time, namely, the time it takes a driver when being alerted to danger to remove his foot from the accelerator and apply the brakes. From the time defendant applied his brakes to the point of impact he covered approximately 71 feet. Had he maintained the speed of 35 miles per hour or 51 feet per second he would have covered a distance of 71 feet in 1.4 seconds.

There was no evidence from which a determination could be made as to the period of time which elapsed between the application of the brakes by defendant and the collision. The speed of thirty-five miles per hour was probably not maintained from the place where the brakes were applied to the point of impact. We are nevertheless impressed that the defendant's discovery of the peril arose so shortly before the accident as to afford him no opportunity by the exercise of reasonable care to avoid the collision.

It appears to us that the evidence offered wholly fails to establish the fourth element essential to the application of the doctrine of last clear chance, namely, that defendant had a clear chance by the exercise of reasonable care to avoid the injury.

Plaintiff asserts that defendant could have avoided the accident by turning to the left. This contention involves a matter requiring the exercise of judgment and would necessarily require time in which to determine the proper course to follow. Here, there was insufficient time to make such a determination. The doctrine of last clear chance does not arise when the party charged is required to act instantaneously. Lucero v. Torres, 67 N.M. 10, 350 P.2d 1028 (1960); Ankeny v. Talbot, 126 Colo. 313, 250 P.2d 1019 (1952); See Monden v. Elms, 73 N.M. 256, 387 P.2d 458 (1963).

In our opinion there was neither evidence nor permissible inference which

would have supported a verdict in plaintiff's favor upon the doctrine of last clear chance. The trial court accordingly ruled correctly upon the motion for directed verdict and the order should be affirmed.

It is so ordered.

OMAN and WOOD, JJ., concur.