463 P.2d 37

**STOES BROTHERS, INC., Plaintiff-Appellant,**

v.

**L. E. FREUDENTHAL and Max A. Freudenthal, d/b/a Valley Insurance Agency, Defendants-Appellees.**

**No. 346.**

Court of Appeals of New Mexico.

Dec. 19, 1969.

T. K. Campbell, Las Cruces, for plaintiff-appellant.

Paul A. Cooter, John W. Bassett, Jr., Atwood, Malone, Mann & Cooter, Roswell, for defendants-appellees.

OPINION

SPIESS, Chief Judge.

The plaintiff (appellant) brought this suit in tort against its insurance broker (appellee); charging him with negligence in failing to obtain business interruption insurance. Plaintiff claims that it sustained

substantial damage through loss of business occasioned by fire damage to its place of business.

This appeal is from a judgment entered pursuant to a jury verdict dismissing plaintiff's cause of action as to the defendant, Max A. Freudenthal. The defendant, L. E. Freudenthal, was dismissed at the close of plaintiff's case and this dismissal is not an issue here. Plaintiff contends here that the trial court erred in instructing the jury as it did on the issue of contributory negligence and it further erred in refusing to give a contrary instruction tendered by plaintiff.

Plaintiff acquired a going business which was engaged in the purchase, sale and processing of livestock feed, together with the sale of other commodities utilized in farming and ranching. It secured the services of defendant, a licensed insurance broker, to review the insurance coverage which had been maintained by the business and to recommend such other and additional coverage as he considered essential to adequately protect plaintiff against losses it might sustain.

. Defendant prepared and submitted a brochure to plaintiff embodying his findings as to coverage which had previously been carried by the business, together with his recommendations relating to coverage which should be maintained. The brochure expressly included a recommendation that plaintiff maintain business interruption insurance. It appears from the record that defendant did write certain of the recommended policies, but did not write business interruption insurance and was not specifically directed by plaintiff to obtain business interruption coverage.

It is plaintiff's position that it had an oral agreement with defendant under which he agreed to write all of the insurance necessary to adequately protect plaintiff's property and business. The agreement, although not specifying the type of coverage to be written, contemplated the writing of business interruption insurance in that such insurance was essential in securing adequate protection for a business of the kind operated by plaintiff. Plaintiff further asserts, as we have stated, that defendant negligently failed to write or procure business interruption insurance coverage.

Plaintiff says that "it relied solely upon the recommendations of the defendant in writing the insurance protection. against losses in the operation of the business, and that any prudent and skillful insurance agent would have written a business interruption policy for the type of business in which plaintiff was engaged."

Evidence is conflicting as to the extent of defendant's obligations under the agreement; that is, whether he was obligated to write all insurance necessary to adequately protect plaintiff or only coverage requested by plaintiff and within a cost which plaintiff could meet. Evidence is also conflicting concerning plaintiff's reliance solely upon the advice of defendant, as well as the opportunity of plaintiff's officers to read the insurance policies which defendant had written and maintained for plaintiff.

It appears to be undisputed that a number of policies of insurance were in plaintiff's possession from the date of the acquisition of the business on or about August 1, 1967, until the date of the fire, October 21, 1967. The instructions which are the subject of the claims of error are:

"8. You are instructed that in connection with the defense of contributory negligence, you are instructed that should you find that the plaintiff, by its agents Richard Stoes and Phillip Stoes, failed to read the policies in its possession or to request or obtain insurance coverage which would have protected plaintiff for the losses of the type alleged in the complaint to have been suffered by the plaintiff, then you may consider such to determine whether or not the plaintiff was contributorily negligent, as such term is defined herein."

"9. In determining the issues of negligence and contributory negligence, you are not to consider whether the plain-

tiff was more or less negligent than the defendant. New Mexico law does not permit you to compare negligence. The plaintiff cannot recover if he was negligent and that negligence was a proximate cause of the loss and alleged damages, even though you believe that the defendant may have been more negligent."

The instruction tendered, and which the trial court refused follows:

"5. You are instructed that where an insurance agent or broker undertakes to review the insurance program of a customer and advise him of his insurance needs and where the customer relied upon and believed that the agent had fulfilled his undertaking to provide the coverage necessary for his protection, that the customer is not thereafter obligated to examine the policies and read them to ascertain the coverage which he has."

In view of the issues presented to the jury it is impossible for us to determine whether the verdict was based upon a finding that defendant was not negligent or that plaintiff was guilty of contributory negligence. We entertain no doubt but that if reasonable minds could not find or infer negligence on plaintiff's part in failing to read the policies in its possession that it would have been error to instruct the jury that it might consider such failure in determining the issue of contributory negligence.

In general, it may properly be said that contributory negligence by plaintiff is a defense for a defendant charged with negligence. Moss v. Acuff, 57 N.M. 572, 260 P.2d 1108 (1953).

■ Whether a certain type of conduct constitutes contributory negligence is generally a question of fact to be determined by the trier of facts. Maryland Casualty Company v. Jolly, 67 N.M. 101, 352 P.2d 1013 (1960). We are asked here to determine as a matter of law that plaintiff had no duty under the facts involved to read the policies and ascertain the extent of insurance coverage and consequently contributory negligence based upon such failure is not available as a defense to the action. The same contention was presented to the trial court through plaintiff's tender of its instruction numbered 5, which we have quoted.

■ It is held that the standard of care to be employed in measuring contributory negligence is the conduct of an ordinarily prudent person under the same or similar circumstances. Williams v. City of Hobbs, 56 N.M. 733, 249 P.2d 765 (1952).; Johnson v. Primm, 74 N.M. 597, 396 P.2d 426 (1964).

The brochure submitted by defendant to plaintiff, to which we have referred, included a review of all insurance coverage carried by the business acquired by plaintiff together with recommendations as to changes in certain of the policies. Additional coverage in various areas was also recommended. Business interruption coverage was specifically recommended. This recommendation included the following language:

"We suggest that you consider protecting your Gross Earnings and by using the figures furnished by you, we recommend the following.

Annual Sales $1,200,000.00
Less Cost of Merchandise $900,000.00
Gross Earnings $300,000.00"

The cost of such insurance was likewise included in the brochure as was the cost of all coverage maintained and recommended.

It was also recommended that the "boiler and machinery" policy which had been in force be continued. This policy appears to have included a limited form of business interruption insurance. It is disclosed from the record that a number of discussions occurred between the parties after the brochure had been submitted to plaintiff relating to the insurance carried by the business and that recommended by defendant, together with the cost of such insurance.

Discussion was specifically had as to the boiler and machinery policy and whether in

64

view of its business interruption coverage additional coverage of this type should be obtained. The fact of these discussions between the parties tended to indicate that defendant was not entirely at liberty to write all coverage which he felt proper, but that the coverage to be written would properly result from discussions between the parties and plaintiff's concurrence in the insurance to be secured.

■ Under the facts presented here, it is our view that a jury question was presented as to whether plaintiff had a duty to read the policies of insurance in its possession and ascertain the nature and extent of coverage which it had and which had been procured for it by defendant. Consequently, we do not consider the instructions given by the court on contributory negligence issues to have been erroneous. See Schustrin v. Globe Indemnity Co. of New York, 44 N.J.Super. 462, 130 A.2d 897, (1957); Kap-Pel Fabrics, Inc. v. R. B. Jones & Sons, Inc., 402 S.W.2d 49 (Ct.App. Mo.1966); DuPont v. Parker & Company of Florida, 190 So.2d 388 (Fla.App.1966).

Plaintiff cites and relies upon a number of cases and authorities including White v. Calley, 67 N.M. 343, 355 P.2d 280 (1960); and Brown v. Cooley, 56 N.M. 630, 247 P.2d 868 (1952). In both of these cases recovery was based upon an instruction to the broker to issue a specific type of insurance coverage. Further, in each case the broker was sued for breach of contract and not in tort. In the *White* case the court said:

"The suit was for breach of contract brought by the principal against his agent, and in such a situation the authorities support the rule that negligence on the part of the plaintiff in not reading the policy is no defense."

The same distinction renders inapplicable cases from other jurisdictions cited and relied upon by plaintiff.

Since we do not consider the instructions 8 and 9 given by the court to have been erroneous, we need not consider the contention that the trial court erred in not giving plaintiff's tendered instruction number 5.

It follows that the judgment of the trial court should be affirmed.

It is so ordered.

WOOD and HENDLEY, JJ., concur.