525 P.2d 941

Alice **HARRISON** and James Harrison,
Plaintiffs-Appellees,

**Interinsurance Exchange of the Automobile Club of Southern California, Involuntary Plaintiff-Appellee,**

v.

Horace D. **LUCERO**, Defendant-Appellee.

**UNIVERSAL CONSTRUCTORS, INC.,**
Defendant-Appellant,

Horace D. Lucero, Third Party
Plaintiff-Appellee,

v.

**FARMERS INSURANCE EXCHANGE,**
Third Party Defendant-Appellee.

No. 1207.

Court of Appeals of New Mexico.

Aug. 7, 1974.

Kenneth L. Harrigan, Modrall, Sperling, Roehl, Harris & Sisk, Albuquerque, for appellant.

Jacob Carian, Albuquerque, for plaintiffs-appellees.

Charles A. Pharris, Keleher & McLeod, Albuquerque for involuntary plaintiff-appellee.

Fred Calkins, Jr., Matteucci, Franchini, Calkins & Michael, Albuquerque, for third-party plaintiff-appellee.

## OPINION

HERNANDEZ, Judge.

This is an interlocutory appeal brought pursuant to Section 21-10-3, N.M.S.A.1953 (Repl.Vol. 4, Supp.1973) by Universal Constructors, Inc. (Universal) appealing the order of the trial court striking a defense to the first amended complaint of the plaintiffs (Harrisons) and the complaint of the involuntary plaintiff, Interinsurance Exchange of the Automobile Club of Southern California (Interinsurance).

The sole point raised is that: "The trial court erred in striking the defense that a settlement between the parties to an accident, without an express reservation of rights against the party executing the release, operates as an accord and satisfaction of all claims arising out of the accident and bars either side from later suing the other."

This case arises out of an accident between a vehicle driven by the plaintiff James Harrison and a vehicle driven by the defendant Horace D. Lucero (Lucero), an employee of Universal, on August 21, 1970. Mrs. Harrison was a passenger. The Harrisons were insured by Interinsurance who paid them $7,500.00 for their injuries under the uninsured motorist provision of their policy. The Harrisons filed this action on July 22, 1971 against Lucero and Universal to recover damages for their injuries and damages to their vehicle. Universal answered admitting Lucero was its employee but alleging that he was acting outside the scope of his employment at the time of the accident. Subsequently, the Harrisons amended their complaint to add Interinsurance as an involuntary plaintiff. Lucero filed an answer and a counterclaim against James Harrison asking for damages for his injuries. Mr. Harrison in an amended answer to this counterclaim alleged as a defense that any claim by Lucero against him had been released and discharged by a written release signed by Lucero on October 30, 1970, in consideration of $300.00. Interinsurance filed a complaint against Lucero and Universal seeking to recover the monies paid to the Harrisons in settlement of their uninsured motorists claims as a subrogee. Subsequently, Universal was allowed to file an amended answer to Harrisons' first amended complaint and the complaint of Interinsurance. These answers asserted in part that the release signed by Lucero barred the action of the Harrisons and the action of Interinsurance. The trial court then granted oral motions to strike this defense from each of the amended answers on the ground that they were "not a proper legal defense." This appeal ensued.

The release signed by Lucero reads as follows:

"RELEASE OF ALL CLAIMS
KNOW ALL MEN BY THESE PRESENTS:

That the Undersigned, being of lawful age, for the sole consideration of Three hundred and no/100-----Dollars ($300.-00) to the undersigned in hand paid, receipt whereof is hereby acknowledged, do/does hereby and for my/our/its heirs, executors, administrators, successors and assigns release, acquit and forever discharge JAMES HARRISON and his, her, their, or its agents, servants, successors, heirs, executors, administrators and all other persons, firms, corporations, associations or partnerships of and from any and all claims, actions, causes of action, demands, rights, damages, costs, loss of service, expenses and compensation whatsoever, which the undersigned now has/have or which may hereafter accrue on account of or in any way growing out of any and all known and unknown, foreseen and unforeseen bodily and personal injuries and property damage and the consequences thereof resulting or to result from the accident, casualty or event which occurred on or about the 21st day of August, 1970, at or near I-40 in Valencia County, 35.6 miles west of State Road 448.

It is understood and agreed that this settlement is the compromise of a doubtful and disputed claim, and that the payment made is not to be construed as an admission of liability on the part of the party or parties hereby released, and that said releasees deny liability therefor and intend merely to avoid litigation and buy their peace.

The undersigned hereby declare(s) and represent(s) that the injuries sustained are or may be permanent and progressive and that recovery therefrom is uncertain and indefinite and in making this Release it is understood and agreed, that the undersigned rely(ies) wholly upon the undersigned's judgment, belief and knowledge of the nature, extent, effect and duration of said injuries and liability therefore and is made without reliance upon any statement or representation of the party or parties hereby released or their representatives or by any physician or surgeon by them employed.

The undersigned further declare(s) and represent(s) that no promise, inducement or agreement not herein expressed has been made to the undersigned, and that this Release contains the entire agreement between the parties hereto, and that the terms of this Release are contractual and not a mere recital.

THE UNDERSIGNED HAS READ THE FOREGOING RELEASE AND FULLY UNDERSTANDS IT. ·

Signed, sealed and delivered this 30th day of October, 1970.

THIS IS NOT A RELEASE OF THE SUBROGATED CLAIM OF THE FARMERS INSURANCE GROUP FOR REPAIRS TO THE LUCERO VEHICLE AND IS ONLY A RELEASE OF ALL CLAIMS OF MR. HORACE LUCERO.

CAUTION: READ BEFORE SIGNING BELOW

X Horace G. Lucero, Jr.          LS"

The authority for a trial court to strike a defense is granted by Section 21–1–

1(12)(f), N.M.S.A.1953 (Repl.Vol. 4) which provides in part: ". . . the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." We assume for the purposes of this appeal that the trial court by the use of the words "not a proper legal defense" intended that the stricken defense was "insufficient."

The legal consequences of· this rather incongruous situation, i. e., one party to an accident securing a release from the other party and then filing suit against him, have never been determined by the appellate courts of this state.

We are persuaded by the following cases that the trial court erred in striking Universal's defense.

In Lugena v. Hanna, 420 S.W.2d 335 (Mo.1967) the plaintiff after securing a release from the defendant sued for damages incurred as a result of the collision between them. The wording of the release that was given is not too dissimilar to the one in this case. The Supreme Court of Missouri in affirming a summary judgment for defendant. held that the · release constituted an accord and satisfaction and that the plaintiff was estopped from pursuing his claim:

"Some of the cases decide the issue presented in this case on the theory of estoppel, estoppel in pais, equitable estoppel, waiver, accord and satisfaction, or estoppel by misrepresentation. But by whatever name used in the opinions, all are based on the principle that where one of the parties to an accident is charged with liability by the other, and settles the claim or takes a release, he should not thereafter be permitted to bring or pursue his action on the theory that the other party was negligent and therefore liable, since the settlement or the taking of a release may be regarded as an expressed or implied admission of negligence on his part, and that the taking of a release without a reservation of right in the releasee to make a claim against the releasor constitutes an accord

and satisfaction of all claims of the parties to the settlement arising out of the same accident, and the releasee is estopped from so doing. Generally a party will not be permitted to take a position in regard to a matter which is directly contrary to, or inconsistent with, one previously assumed by him. In the absence of words in the operative part of a general release which indicate an intention to limit or restrict its effect, it must be concluded that the instrument was contemplated and intended to be a complete settlement of all matters between the parties to the release. That is estoppel in its purest form, for estoppel rests simply on a rule of law which forecloses one from denying his own expressed or implied admission which has in good faith been accepted and acted upon by another."

Then in McKinney v. Morrow, 18 N.C. App. 282, 196 S.E.2d 585 (1973) the Court of Appeals of North Carolina held in a similar factual situation that:

"By a compromise settlement between parties to an automobile collision each party effectively 'buys his peace' respecting any liability created by the collision. The settlement constitutes an acknowledgment, as between the parties, of the liability, of the payor and the nonliability, or at least a waiver of the liability, of the payee." [Citation omitted].

Also see, Wm. H. Heinemann Creameries, Inc. v. Milwaukee Automobile Ins. Co., 270 Wis. 443, 71 N.W.2d 395 (1955) and Kelleher v. Lozzi, 7 N.J. 17, 80 A.2d 196 (1951).

Wm. H. Heinemann Creameries, Inc. v. Milwaukee Automobile Ins. Co., supra, raises and answers a related question with which we agree:

". . . [T]he release given by . . . [defendant] contained the following recital: 'It is Further Agreed and Understood that said payment is not to be construed as an admission of any liability.' We do not deem that such recital of non-liability should be held to

override the inference to be drawn from the act of the plaintiff indemnity company in paying damages to . . . [defendant] that the indemnity company had no claim against . . . [defendant] arising out of the accident. [Defendant] . . . had the right to act upon such assumption in accepting the $150 damages it tendered in settlement. Therefore, it is only equitable that the rule of estoppel invoked by the New Jersey court in Kelleher v. Lozzi, supra, should be equally applicable here."

We are not dealing with the interpretation of the language of the release nor the intention of the parties as expressed therein, because in all probability the parties did not consider the question of whether the release given by Lucero to Harrison would bar future legal action by Harrison against Lucero. On the basis of public policy we therefore conclude that the release given by Lucero to James Harrison without an express reservation of the right to make a claim against Lucero constitutes an accord and satisfaction of all claims between them arising out of the accident and James Harrison is estopped from proceeding against Lucero and therefore constitutes a valid defense.

■ There are two attendant questions that we believe should be answered: First, Universal was sued on the basis of respondeat superior. Since under that doctrine ". . . [t]he liability of the master to a third person for injuries inflicted by a servant in the course of his employment and within the scope of his authority, is derivative and secondary, while that of the servant is primary, and absent any delict of the master other than through the servant, the exoneration of the servant removes the foundation upon which to impute negligence to the master." Jacobson v. Parrill, 186 Kan. 467, 351 P.2d 194 (1960). Therefore, Lucero's defenses can be asserted by Universal. Second, since Mrs. Harrison was not a party to or named in the release given by Lucero, her claims if any, were not affected by it.

The order of the trial court striking this defense is reversed, and the case remanded with orders to reinstate said defense.

It is so ordered.

HENDLEY and LOPEZ, JJ., concur.