561 P.2d 488

Carmen CATALANO, as natural parent and guardian ad litem for Delora English, an incompetent, Plaintiff-Appellant,

v.

James R. LEWIS and Horizon Corporation, Defendants-Appellees.

No. 2561.

Court of Appeals of New Mexico.

Feb. 8, 1977.

Rehearing Denied Feb. 21, 1977.

Certiorari Denied March 17, 1977.

David H. Pearlman, P.A., Albuquerque, for plaintiff-appellant.

James B. Collins, Keleher & McLeod, Albuquerque, for defendants-appellees.

## OPINION

SUTIN, Judge.

Plaintiff appeals a summary judgment granted defendants arising out of an intersection automobile accident that occurred in Albuquerque. We affirm.

This is just another intersection accident involving issues of negligence, contributory negligence and last clear chance. However, defendant James R. Lewis also claims that summary judgment was proper because of a release executed by him to plaintiff, Carmen Catalano, and Delora English, her daughter. This contention is a matter of public interest.

A. *The Release and Settlement of Claim executed by defendant Lewis was void.*

*On April 4, 1973,* a collision occurred between a 1970 Pinto operated by Delora English and a 1972 Ford Station Wagon operated by James R. Lewis.

*On December 27, 1973,* almost nine months later, Carmen Catalano and Delora English paid James R. Lewis $1,500.00 and Lewis executed a Release and Settlement of Claim.

The release was signed "James R. Lewis". Several lines below the signature appears the following:

"Louise Batt
My Commission expires 6–9–74"

Nevertheless, *on November 19, 1974,* Catalano filed her complaint against Lewis in the District Court of *Sandoval County* for damages in excess of $1,000,000.00 for injuries suffered by Delora.

*On March 20, 1975,* Lewis filed his complaint against English in the District Court of *Bernalillo County* as Cause No. 3–75–01372 for damages in the sum of $100,000.00. English filed a Motion for Summary Judgment based upon the Release and Settlement of Claim, supra. This motion was denied. In his brief filed in the case, Lewis contended then that the release was void under § 21–11–1(C), N.M.S.A.1953 (Repl.Vol. 4, 1975 Supp.), "as it was never notarized. Further, there is some question whether the release was notarized by a 'notary public *who has no interest adverse* to the injured person' (emphasis added) which would void the release itself."

We agree. Certainly, Lewis knew whether the release he signed was notarized by a notary public who had no interest adverse to himself.

Lewis jumped over the fence and now claims that this release was a complete settlement of all matters between the parties to the release under *Lugena v. Hanna,* 420 S.W.2d 335 (Mo.1967), and was an accord and satisfaction under *Harrison v. Lucero,* 86 N.M. 581, 525 P.2d 941 (Ct.App.1974).

We do not consider these contentions because the release was void.

Section 21–11–1(C), supra, provides:

Any settlement agreement, any release of liability or any written statement shall be void unless it is acknowledged by the injured party before a notary public who has no interest adverse to the injured person.

We have held that non-compliance with this provision of the statute renders the settlement agreement and any release of liability invalid. *Mitschelen v. State Farm Mut. Auto. Ins. Co.,* 89 N.M. 586, 555 P.2d 707 (Ct.App.1976).

If summary judgment in the instant case was based upon the Release and Settlement of Claim, it was erroneous.

B. *Defendants were entitled to summary judgment on the issue of contributory negligence.*

To establish that no genuine issue of material fact exists, the defendants established the following facts.

At the place of the intersection collision, Coors Road, a four-lane highway, ran north and south. St. Joseph's Drive, a two-lane road, ran east, from the west end of Coors Road, to the University of Albuquerque. The posted speed limit on Coors Road was 50 m. p. h. The intersection was controlled by a traffic signal with an intermittent flashing amber light for north and southbound traffic. No turning lanes were provided for southbound traffic turning left onto St. Joseph's Drive. There were no adverse weather conditions.

■ Delora was driving south on Coors Road in the right-hand lane. As she approached the intersection with St. Joseph's Drive, a vehicle in front of her, also in the right-hand lane, was travelling at 50 m. p. h. A truck ahead of this vehicle was moving in the left-hand lane. Delora swiftly zig-zagged past these vehicles and made an illegal left turn from the right-hand lane on St. Joseph's Drive into the northbound lanes of Coors Road. At this moment, defendant Lewis, driving north on Coors Road, was at or close to the intersection. Delora's vehicle was right in front of him. Defendant applied his brakes and attempted to turn right to avoid the accident. In the matter of time, the collision occurred at the snap of the fingers. It does not require the citation of motor vehicle statutes and authority to establish that Delora was contributorially negligent as a matter of law.

■ Plaintiff sought to controvert this testimony by application of the last clear chance doctrine based upon affidavit opinion evidence of sight distance and time sequence. The opinion evidence did not explain how the opinion was arrived at, and it was not competent evidence. *Smith v. Klebanoff,* 84 N.M. 50, 499 P.2d 368 (Ct.App. 1972). Even if we considered this evidence, plaintiff was not entitled to the benefit of last clear chance. It implies time for appreciation and thought and time to act effectively. *Hartford Fire Insurance Company v. Horne,* 65 N.M. 440, 338 P.2d 1067 (1959). The defendant must have a clear chance, by the exercise of ordinary care, to avoid injury to the plaintiff. *Lucero v. Torres,* 67 N.M. 10, 350 P.2d 1028 (1960). Were we to apply the mathematical computations necessary, we hold, as a matter of law, that last clear chance was not applicable. *Montoya v. Williamson,* 79 N.M. 566, 446 P.2d 214 (1968); *Stranczek v. Burch,* 67 N.M. 237, 354 P.2d 531 (1960); *McCoy v. Gossett,* 79 N.M. 317, 442 P.2d 807 (Ct.App.1968).

Plaintiff could present no evidence to controvert defendants' strong position that Delora was contributorially negligent as a matter of law.

Summary judgment on the issue of contributory negligence is affirmed.

C. *Plaintiff's motion to remand for correction of the record is denied.*

■ On November 29, 1976, after all briefs had been filed, plaintiff filed a motion in this Court to remand to the district court to correct the record pursuant to Rule 8(f) of the Rules of Appellate Procedure [§ 21–12–8(f), N.M.S.A.1953 (Repl.Vol. 4, 1975 Supp.)].

Plaintiff sought certification and transmittal to this Court of the Lewis deposition taken on May 3, 1976 in the case of *Lewis v. English*, referred to supra.

*First*, we note that plaintiff filed her complaint on November 19, 1974. On October 2, 1975, defendants filed a motion for summary judgment with notice that a hearing would be held on November 10, 1975. Extensive briefs were filed in support of and opposed to the motion for summary judgment. On April 2, 1976, six months after the motion was filed, summary judgment was entered. Plaintiff did not seek "a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had" as provided by Rule 56(f) of the Rules of Civil Procedure [§ 21–1–1(56)(f), N.M.S.A.1953 (Rep.Vol. 4)].

A month after the summary judgment was entered, plaintiff took the deposition of Lewis in the Bernalillo County case. No explanation appears for plaintiff's failure to take Lewis' deposition prior to the entry of summary judgment. Plaintiff's motion came too late in the day to merit our consideration.

*Second*, plaintiff's motion did not fall within the meaning of Rule 8(f) of the Rules of Appellate Procedure. It reads:

*Correction of the Record on Appeal. If anything material to either party is omitted by error or accident from the transcript of proceedings or from the record proper, or is misstated therein*, the parties by stipulation, or the district court either before or after the transcript on appeal is transmitted to the appellate court, or *the appellate court*, on proper suggestion or on its own initiative, *may direct that the omission or misstatement be corrected*, and, if necessary, that a supplemental record on appeal be certified and transmitted to the appellate court. [Emphasis added].

A deposition, not in existence at the time the transcript and record proper came to this Court, cannot be an omission "by error or accident."

*Third*, plaintiff did not request this Court to remand and direct the movant to file a motion with the trial court requesting an expression of opinion as to whether the trial court would entertain a motion under Rule 60(b)(6), Rules of Civil Procedure [§ 21–1–1(60)(b)(6), N.M.S.A.1953 (Repl.Vol. 4)], to consider defendant Lewis' deposition. See Opinion on Motion to Remand, *Terrel v. Duke City Lumber Company*, 86 N.M. 405, 436, 524 P.2d 1021 (Ct.App.1974), overruled in part on other grounds, *Duke City Lumber Company, Inc. v. Terrel*, 88 N.M. 299, 540 P.2d 229 (1975).

*Fourth*, defendant Lewis' deposition did not affect Delora's conduct on the issue of contributory negligence or last clear chance.

Plaintiff's motion to remand is denied.

D. *This opinion may or may not affect the issues in Lewis v. English.*

This opinion is based upon the transcript of proceedings filed in this case. If the evidence in the case of *Lewis v. English*, supra, is supplemented on the issues decided in this case, this opinion shall not control, otherwise it shall control. We believe there is sufficient evidence to establish a genuine issue of material fact on the negligence of Lewis.

Affirmed.

IT IS SO ORDERED.

HERNANDEZ, J., specially concurring.

LOPEZ, J., concurs.

HERNANDEZ, Judge (Specially Concurring).

I concur in the result only on the basis of parts B and C of the opinion. Part B is dispositive, but equal weight should be given to the defenses of contributory negligence and last clear chance.

Contributory negligence: There is uncontroverted testimony to show that English was exceeding the speed limit and passing other cars in a reckless fashion, and that she turned left across four lanes of traffic from the right (outside) lane without keeping a proper lookout or yielding the right-of-way. She was therefore contributorily

negligent as a matter of law. Summary judgment in a negligence case is proper when an affirmative defense such as contributory negligence is proved as a matter of law:

"Since certain affirmative defenses are often susceptible of categorical proof, . . . a summary adjudication of a claim based on negligence may appropriately be rendered for the defendant when such is the case and the defense is legally sufficient . . . ." 6 Moore's Federal Practice (2d ed. 1976) ¶ 56.17[42].

Even if an issue of material fact remains as to the negligence of defendant Lewis, therefore, summary judgment is proper because the contributory negligence of English bars the plaintiffs from recovery. See *Stoes Brothers, Inc. v. Freudenthal,* 81 N.M. 61, 463 P.2d 37 (Ct.App.1969); *Moss v. Acuff,* 57 N.M. 572, 260 P.2d 1108 (1953).

When a plaintiff has been contributorially negligent, he may not recover unless defendant had the last clear chance to avoid the accident. *Montoya v. Williamson,* 79 N.M. 566, 446 P.2d 214 (1968). The doctrine of last clear chance has four elements:

(a) That the plaintiff has been negligent;

(b) That as a result of his negligence, he is in a position of peril, from which he cannot escape by the exercise of ordinary care;

(c) That the defendant knows, or should have known, of plaintiff's peril; and

(d) That defendant then had a clear chance, by the exercise of ordinary care, to avoid the injury, and that he failed to do so.

*Rice v. Gideon,* 86 N.M. 560, 525 P.2d 920 (Ct.App.1974); cert. denied, 87 N.M. 299, 532 P.2d 888 (1975); *Lucero v. Torres,* 67 N.M. 10, 350 P.2d 1028 (1960). The fourth element was not proved here and the doctrine of last clear chance does not apply as a matter of law:

(1) Just before English made a left turn across the four-lane roadway, she was traveling in the right southbound lane and a van was next to her in the left (inner) southbound lane.

(2) Lewis was traveling in the right northbound lane at 50 miles per hour (the speed limit).

(3) Lewis was at or very near the intersection when he saw English's car turning in front of him.

(4) Lewis braked immediately on seeing English's car and attempted to pull to the right.

(5) Lewis traveled approximately 25 to 35 feet from the time of applying his brakes to the time of the impact.

These facts are sufficient to establish that Lewis had no chance to avoid the injury by the exercise of ordinary care. Plaintiffs' attempt to establish an issue of fact through the affidavit of an expert witness fails, both because the affidavit opinion evidence in not competent evidence and because the affidavit, even if admissible, does not show that Lewis had time for appreciation, thought, and effective action. Compare the facts above with those in *McCoy v. Gossett,* 79 N.M. 317, 442 P.2d 807 (Ct.App. 1968), where this court found that the fourth element of last clear chance was not proved even though the defendant in *McCoy* was going slower than Lewis and saw the plaintiff's car when it was farther away from him than English's car was when Lewis first saw it turning. For a summary judgment case involving issues of contributory negligence and last clear chance, see *Horne v. Seaboard Coast Line Railroad Company,* 301 F.Supp. 561 (D.S.C.1969).

In the absence of material issues of fact as to contributory negligence and last clear chance, summary judgment was properly granted.