The slip opinion is the first version of an opinion released by the Chief Clerk of the Supreme Court. Once an opinion is selected for publication by the Court, it is assigned a vendor-neutral citation by the Chief Clerk for compliance with Rule 23-112 NMRA, authenticated and formally published. The slip opinion may contain deviations from the formal authenticated opinion.

## IN THE SUPREME COURT OF THE STATE OF NEW MEXICO

Opinion Number:

Filing Date: February 20, 2025

**NO. S-1-SC-40109**

**LIANA TRUJILLO, individually and as the Personal Representative of the Wrongful Death Estate of SEVERO ORTEGA,**

Plaintiff-Petitioner,

v.

**PRESBYTERIAN HEALTHCARE SERVICES, INC., d/b/a PRESBYTERIAN ESPAÑOLA HOSPITAL, JAMES J. MONTESINOS, M.D., and SAMUEL SOUTHAM, M.D.,**

Defendants-Respondents,

and

**PATRICK R. MONTOYA, M.D., VICTOR L. SHERMAN, M.D., WILLIAM MURRY RYAN, M.D., MELISSA SUGAR, M.D., SALVEDEESWA LAKSHMI-NARAYANAN, M.D., and EUGENIO RIVERA, JR., M.D.,**

Defendants.

**ORIGINAL PROCEEDING ON CERTIORARI**
**Francis J. Mathew, District Judge**

Law Office of James H. Wood, P.C.
Arslanbek S. Umarov
James H. Wood
Zacary E. Wilson-Fetrow
Albuquerque, NM

for Plaintiff-Petitioner

Rodey, Dickason, Sloan, Akin & Robb, P.A.
Edward Ricco
Albuquerque, NM

Hinkle Shanor, LLP
Dana S. Hardy
David B. Lawrenz
Benjamin L. Lammons
Santa Fe, NM

for Defendants-Respondents

**OPINION**

**THOMSON, Chief Justice.**

{1}     "[A] valid release or exoneration of the servant releases the master." *Downer v. S. Union Gas Co.*, 1949-NMSC-045, ¶ 7, 53 N.M. 354, 208 P.2d 815. We articulate this rule as the Extinguishment Rule, a means to cut the vicarious liability of principals off at its source: the agent. Liana Trujillo (Plaintiff) asks this Court to reverse the Court of Appeals and district court's conclusion that her vicarious liability claims against Presbyterian Healthcare Services, Inc. (Presbyterian) were extinguished when she stipulated to the dismissal with prejudice of several of the treating radiologists (the Radiologists).

{2}     In this opinion, we hold that vicarious liability claims are only extinguished through (1) a release of claims arising out of an agent's conduct or (2) the exoneration of an agent through a disposition on the merits. Because the stipulated dismissal with prejudice in this case served as neither, we reverse the district court and Court of Appeals and remand for reinstatement of Plaintiff's vicarious liability claims against Presbyterian.[1] In clarifying the requirements of the extinguishment

---

[1]Plaintiff also raised statutory arguments and challenged the district court's conclusion that her motion for reconsideration of the stipulated dismissal was deficient. Because reversing the district court's grant of summary judgment eliminates the need to address those issues, we decline to do so.

rule, we overrule *Kinetics, Inc. v. El Paso Products Co.*, 1982-NMCA-160, 99 N.M. 22, 653 P.2d 522, in so far as it treated a dismissal with prejudice as a release.

## I.   BACKGROUND AND PROCEDURAL HISTORY

{3}   Severo Ortega died of pneumonia while in Presbyterian's care. Following his death, Plaintiff, Mr. Ortega's daughter, sought and obtained appointment as the personal representative of Mr. Ortega's wrongful death estate under the Wrongful Death Act, NMSA 1978, §§ 41-2-1 to -4 (1882, as amended through 2001). Plaintiff then brought, on behalf of herself and as the personal representative of Mr. Ortega's wrongful death estate, direct negligence claims against Presbyterian and the physicians who treated Mr. Ortega, as well as vicarious liability claims against Presbyterian, alleging that those treating physicians were acting as Presbyterian's agents.

{4}   Several of the alleged agents who treated Mr. Ortega were radiologists. One of the radiologists, James J. Montesinos, M.D., sought to stay the case as required by the New Mexico Medical Malpractice Act until the New Mexico Medical Review Commission reviewed the matter and rendered a decision. *See* NMSA 1978, § 41-5-15 (1976). Plaintiff did not oppose the motion, and the district court entered a stipulated order staying the case pending the panel's decision.

{5} Roughly three months into the stay, the district court entered a stipulated order dismissing the Radiologists from the case and lifting the stay. The stipulated order provided:

> This matter having come before the [c]ourt upon stipulation of the parties: Plaintiff, Liana Trujillo, individually and as the Personal Representative of the Wrongful Death Estate of Severo Ortega . . . and the Defendants, James J. Montesinos, M.D., Samuel Southam, M.D., and Eugenio Rivera, Jr., M.D. . . . *pursuant to Rule 1-041 NMRA, hereby stipulate to a dismissal of James J. Montesinos, M.D., Samuel Southam, M.D., and Eugenio Rivera, Jr., M.D. The [c]ourt, having reviewed the parties' stipulation and being otherwise apprised of the matters, finds*:
>
> 1. James J. Montesinos, M.D., Samuel Southam, M.D., and Eugenio Rivera, Jr., M.D. are *hereby dismissed from this action with prejudice.*
>
> 2. Each party shall bear its own attorney's fees and costs.
>
> 3. The stay of proceedings entered December 13, 2018 is hereby lifted.

(Emphasis added.)

{6} The "parties' stipulation" referenced in the order was not docketed, suggesting that the stipulated order was a proposed order. This is also indicated by the fact that the stipulated order included an additional signature block titled "Submitted and Approved By" below the district court judge's signature. Counsel for both Plaintiff and the Radiologists signed the stipulated order.

3

{7}     Plaintiff, through her new counsel, moved for partial summary judgment on Presbyterian's vicarious liability for the alleged negligence of Dr. Montesinos, one of the Radiologists dismissed in the stipulated order with prejudice. In her motion, Plaintiff requested a determination as a matter of law that Presbyterian would be vicariously liable for Dr. Montesinos' conduct. Plaintiff argued that dismissing her direct claims against Dr. Montesinos "does not affect Plaintiff's vicarious liability claims against [Presbyterian]. Unless there is an explicit release or dismissal of Plaintiff's vicarious liability claims . . . [those claims] should stand." The district court denied the motion, finding genuine issues of material fact and stating that the question of vicarious liability was "going to go to the jury."

{8}     Presbyterian then sought summary judgment on the same issue, arguing that Plaintiff dismissing Dr. Montesinos—Presbyterian's alleged agent—with prejudice had, in fact, extinguished her vicarious liability claims. In response, Plaintiff maintained that, absent a release of the Radiologists, her claims were not extinguished.[2] The district court granted Presbyterian's motion, reasoning that "Plaintiff dismissed the radiology defendants from this case with prejudice . . . and

_____

[2]Plaintiff has since asserted that she did not authorize her counsel to dismiss the Radiologists and that she was not even aware of the dismissal until she switched counsel.

4

therefore, vicarious liability claims against [Presbyterian] for the radiologists' negligence premised on an agency theory were extinguished as a matter of law."

{9} Following the district court's denial of a motion for reconsideration regarding its summary judgment orders and stipulated order dismissing the Radiologists,[3] Plaintiff dismissed her remaining claims without prejudice and appealed. The Court of Appeals affirmed, concluding that by dismissing the Radiologists with prejudice, Plaintiff also "'extinguishe[d] the derivative claim against [Presbyterian].'" *Trujillo v. Presbyterian Healthcare Servs., Inc.*, 2024-NMCA-004, ¶ 15, 539 P.3d 1216 (quoting *Valdez v. R-Way, LLC*, 2010-NMCA-068, ¶ 14, 148 N.M. 477, 237 P.3d 1289). [4]

---

[3]In her motion for reconsideration, Plaintiff included a request for the district court to reverse the stipulated order dismissing with prejudice the Radiologists, the denial of which she appealed in the Court of Appeals and in this Court. Because we conclude that the stipulated dismissal did not extinguish Plaintiff's vicarious liability claims, there is no need to reverse the stipulated dismissal for those claims to proceed.

[4]In a special concurrence, Judge Bustamante observed that the Extinguishment Rule has "strayed beyond its doctrinal roots," creating a web of procedural traps for tort claimants. *Trujillo*, 2024-NMCA-004, ¶ 31 (Bustamante, J., specially concurring). To correct course, he suggested adopting a rule limiting extinguishment to circumstances in which the claims against the agent are adjudicated on their merits. *Id.* ¶ 32 (citing *Laurence v. Salt River Project Agric. Improvement & Power Dist.*, 255 Ariz. 95, 528 P.3d 139, 141 (2023)). This Court need not reach Judge Bustamante's suggestion because the law in New Mexico is actually quite clear: a voluntary dismissal with prejudice is not a release and does not extinguish vicarious liability claims.

## II. DISCUSSION

### A. Standard of Review

{10}   The Court reviews orders granting or denying summary judgment and the legal question of whether a dismissal with prejudice may serve as a release de novo. *Zamora v. St. Vincent Hosp.*, 2014-NMSC-035, ¶ 9, 335 P.3d 1243.

### B. The Extinguishment Rule Does Not Bar Plaintiff's Vicarious Liability Claims Against Presbyterian

{11}   The Court of Appeals erred in concluding that voluntarily dismissing an agent with prejudice extinguishes vicarious liability claims against the principal absent an underlying release. While such a dismissal may bar claims against the agent, it does not go to the source of a principal's liability in vicarious liability: the agent's tortious conduct. To clarify that key distinction and provide guidance on the proper application of the Extinguishment Rule, this opinion first lays out the core principles underlying vicarious liability and the Extinguishment Rule. It then situates a stipulated dismissal with prejudice within the Extinguishment Rule.

### 1. Vicarious liability

{12}   Vicarious liability is a common-law theory of liability rooted in agency through which a principal may be held liable for their agent's tortious conduct. *See Monett v. Dona Ana Cnty. Sheriff's Posse*, 1992-NMCA-096, ¶ 10, 114 N.M. 452, 840 P.2d 599 ("Under the doctrine of respondeat superior, the master is liable for the

6

negligent acts of the servant when committed during the course and scope of the servant's employment or agency."); *see also Baer v. Regents of Univ. of Cal.*, 1994-NMCA-124, ¶ 18, 118 N.M. 685, 884 P.2d 841 ("The law in New Mexico is well settled that, under the doctrine of respondeat superior, an employer can be held vicariously liable for the negligent acts of an employee when committed during the course and scope of the employee's employment."). There are multiple avenues for establishing vicarious liability, but all routes (1) depend on an agency relationship between the principal and the tortfeasor and (2) impute liability to the principal for the agent's tortious conduct. *See Spurlock v. Townes*, 2016-NMSC-014, ¶ 14, 368 P.3d 1213 (comparing traditional principles of respondeat superior with an aided-in-agency theory for establishing vicarious liability).

{13}    Here, Plaintiff has alleged that the Radiologists were Presbyterian's apparent agents. Under that theory, Plaintiff may establish an agency relationship even though Presbyterian did not employ the Radiologists by demonstrating Presbyterian held the Radiologists out as its agents by allowing them to provide care in the hospital and that there was reasonable reliance on that representation. *See Houghland v. Grant*, 1995-NMCA-005, ¶ 22, 119 N.M. 422, 891 P.2d 563 (finding apparent agency where independent physicians provide services in a hospital emergency department, reasoning that "[w]hen members of the public seek care at a modern hospital

7

emergency room, they reasonably assume that the hospital is responsible for their care"); *see also Zamora*, 2014-NMSC-035, ¶ 18 ("[A] malpractice claim arising from care in a hospital emergency room implicates the hospital in the actions of any employees or agents—known or unknown to the plaintiff—who took part in that care."). Because of that apparent agency relationship, Plaintiff argues, Presbyterian is vicariously liable for the Radiologists' negligence during Mr. Ortega's emergency care.

## 2. The Extinguishment Rule

{14}    The Extinguishment Rule provides that one cannot hold the principal vicariously liable if the agent was not negligent or where there exists a valid release of claims arising from the agent's conduct. Both "extinguish" the principal's liability. Absent exoneration or release, however, the Extinguishment Rule does not apply and the principal remains vicariously liable for the agent's malfeasance. *Downer*, 1949-NMSC-045, ¶ 7 ("The escape of [the principal], however, is predicated upon the existence of a valid and subsisting release of the [agent]."); *see also Harrison v. Lucero*, 1974-NMCA-085, ¶ 12, 86 N.M. 581, 525 P.2d 941 ("[A]bsent any delict of the master other than through the servant, the exoneration of the servant removes the foundation upon which to impute negligence to the master." (internal quotation marks and citation omitted)).

{15} Neither predicate for extinguishing Plaintiff's vicarious liability claims is present in this case. Plaintiff's vicarious liability claims were disposed of in a summary judgment order which concluded, without citation, that the stipulated dismissal with prejudice of the Radiologists extinguished Plaintiff's vicarious liability claims against Presbyterian "as a matter of law." That can only be true, however, if the stipulated dismissal itself served as either an adjudication on the merits, such that it exonerated the Radiologists, or a valid release. We conclude that the stipulated order dismissing the Radiologists with prejudice acted as neither and, therefore, did not extinguish Plaintiff's vicarious liability claims.

**a.    A voluntary dismissal with prejudice does not serve as exoneration**

{16} "Exoneration" for purposes of extinguishment is commonly understood as requiring adjudication of the agent's tortious conduct on the merits. *Juarez v. Nelson*, 2003-NMCA-011, ¶ 28, 133 N.M. 168, 61 P.3d 877 (surveying other jurisdictions' application of the term "exoneration" in the context of extinguishment), *overruled on other grounds by Tomlinson v. George*, 2005-NMSC-020, ¶ 18, 138 N.M. 34, 116 P.3d 105. Here, the voluntary dismissal with prejudice did not address the merits of Petitioner's negligence claims against the Radiologists, and, by itself, the order does not serve as an adjudication on the merits.

{17}   In New Mexico, a dismissal with prejudice is only an adjudication on the merits for purposes of res judicata. *Kirby v. Guardian Life Ins. Co. of Am.*, 2010-NMSC-014, ¶ 66, 148 N.M. 106, 231 P.3d 87 ("A dismissal with prejudice is an adjudication on the merits only to the extent that when a claim has been dismissed with prejudice, the fourth element of *res judicata* (a final valid judgment *on the merits*) will be presumed so as to bar a subsequent suit against the same defendant by the same plaintiff based on the same transaction."). Thus, while the voluntary dismissal with prejudice precludes Plaintiff from bringing negligence claims against the Radiologists arising from their treatment of Mr. Ortega, it did not determine the merits of the negligence claims or exonerate the Radiologists, and thereby extinguish Plaintiff's vicarious liability claims.

**b.    A voluntary dismissal with prejudice is not a release**

{18}   New Mexico law is clear that "[r]eleases are contractual in nature and thus are governed by traditional principles of contract law." *McNeill v. Rice Eng'g & Operating, Inc.*, 2003-NMCA-078, ¶ 13, 133 N.M. 804, 70 P.3d 794; *see also Perea v. Snyder*, 1994-NMCA-064, ¶ 20, 117 N.M. 774, 877 P.2d 58 ("Releases, because they are contractual in nature, are governed by the laws of contract."), o*verruled on other grounds by Spectron Dev. Lab'y v. Am. Hollow Boring Co.*, 1997-NMCA-025, ¶ 31, 123 N.M. 170, 936 P.2d 852; Restatement (Second) of Torts § 900 cmt. b (Am.

Law Inst. 1979) (defining a release as "a writing either under seal or supported by consideration, stating that the claim against the tortfeasor is discharged" and directing the reader to the Restatement (Second) of Contracts for additional information on releases). In *Downer*, the case that first articulated the Extinguishment Rule in New Mexico, the core issue was the validity of the underlying release. 1949-NMSC-045, ¶ 7. The *Downer* Court applied traditional concepts of contract formation to conclude that "'if the release is invalid because of mutual mistake, fraud, etc. it is not available as a defense to either the master or the servant.'" *Id.* ¶ 8 (citation omitted). Clear is the requirement of "a valid release" for the master to be relieved of the servant's liability. *Id.* ¶ 7.

{19}     Here, it is undisputed that Plaintiff did not sign a release. There is no contract that arguably extinguished Plaintiff's vicarious liability claims. Nor does the stipulated dismissal order itself include any release language or language dismissing claims.

{20}     Instead, Presbyterian argues that a voluntary dismissal with prejudice acts as a release not because the order serves as a contract but because it involves a voluntary relinquishment of claims against the Radiologists and is, therefore, tantamount to a release. The Court of Appeals adopted Presbyterian's reasoning and concluded that "[b]y permanently barring any claim she might have against Dr.

11

Montesinos, Plaintiff not only relinquished her negligence cause of action against him but additionally 'extinguishe[d] the derivative claim against Presbyterian.'" *Trujillo*, 2024-NMCA-004, ¶ 15 (quoting *Valdez*, 2010-NMCA-068, ¶ 14). That conclusion is flawed for two reasons: first, it is premised on a misreading of the case law and second, it misunderstands the source of liability in vicarious liability claims.

{21} First, to support its holding, the Court of Appeals relied on language from its opinion in *Valdez*, which describes releases in exceedingly broad terms. *Trujillo*, 2024-NMCA-004, ¶ 15 (citing *Valdez*, 2010-NMCA-068, ¶ 14). In relevant part, *Valdez* compiled cases from other jurisdictions defining releases, including California law describing a release as an "abandonment, relinquishment or giving up of a right or claim to the person against whom it might have been demanded or enforced . . . and its effect is to extinguish the cause of action," and Idaho law defining a release as "a surrender of the cause of action, which may be gratuitous, or given for inadequate consideration" and "a complete abandonment of the cause of action." *Valdez* 2010-NMCA-068, ¶ 14 (internal quotation marks and citations omitted).

{22} At face value, these descriptions seem to mirror the effect of a voluntary dismissal with prejudice, suggesting that such a dismissal might operate as a release for purposes of extinguishment. However, a closer look reveals that *Valdez* and all

12

of the cases that *Valdez* relies upon to define "release" involved an actual contract effectuating the release at issue. *See id.* So, while the language appears to encompass dismissals with prejudice, once in context, it reinforces the conclusion that a release is, in fact, a creature of contract.

{23} Second, in concluding that the dismissal with prejudice was a release, the Court of Appeals confused the source of liability under a vicarious liability theory. The Court of Appeals concluded that Plaintiff, by forfeiting her right to bring negligence claims against the Radiologists, also forfeited her right to bring vicarious liability claims against Presbyterian based on the Radiologists' conduct. *Trujillo*, 2024-NMCA-004, ¶¶ 15-16. That is not how vicarious liability operates in New Mexico.

{24} Vicarious liability does not hold the principal liable for an agent's adjudicated liability, but rather for the agent's *tortious conduct*. *See Zamora*, 2014-NMSC-035, ¶¶ 18, 20 (discussing St. Vincent Hospital as vicariously liable for its agents' actions); *see also* NMSA 1978, § 41-3A-1(C)(2) (1987) (preserving joint and several liability for "persons whose relationship to each other would make one person vicariously liable for the *acts* of the other" (emphasis added)). Accordingly, Plaintiff's ability to sue the Radiologists for negligence is immaterial to the question of whether Presbyterian is liable for their conduct based on an agency relationship.

Indeed, Plaintiff was never required to name the Radiologists as defendants in her lawsuit or levy direct negligence claims against them in order to bring vicarious liability claims against Presbyterian based on their conduct. *See Zamora*, 2014-NMSC-035, ¶¶ 14-19 (holding that a complaint adequately pled vicarious liability and apparent agency even though it did not recite the theories and the alleged agents were not parties to the case); *see also Baer*, 1994-NMCA-124, ¶ 20 (rejecting the proposition that vicarious liability claims require joining the alleged agent and explaining that "we know of no authority for the proposition that, in order to prove agency, the agent must be joined as a party to the action"). Nor do Plaintiff's vicarious liability claims against Presbyterian require a determination that the Radiologists themselves were liable—only that their actions were negligent and that they were Presbyterian's agents.

{25} Only one New Mexico Court of Appeals case has treated a dismissal with prejudice as a release: *Kinetics*, 1982-NMCA-160, ¶ 25. In *Kinetics*, the Court of Appeals, without analyzing the topic or providing any legal support, held that the dismissal with prejudice in that case extinguished the plaintiff's vicarious liability claims. *See id.* ¶ 31. Because *Kinetics* does not provide any support for the proposition that a dismissal with prejudice is a release, and because it stands alone for that proposition in our case law, we overrule *Kinetics* on that issue and expressly

14

hold that voluntarily dismissing an agent with prejudice, without more, is not a release for purposes of extinguishment.

## III.  CONCLUSION

{26}    We hold that the Extinguishment Rule requires either (1) a release of claims arising out of an agent's conduct or (2) the exoneration of an agent through a disposition on the merits. Under that Rule, a stipulated dismissal of the agent is insufficient to extinguish vicarious liability claims. We reverse the district court and Court of Appeals and remand for reinstatement of Plaintiff's vicarious liability claims against Presbyterian.

{27}    **IT IS SO ORDERED.**

**DAVID K. THOMSON, Chief Justice**

**WE CONCUR:**

_____

**MICHAEL E. VIGIL, Justice**

_____

**C. SHANNON BACON, Justice**

_____

**JULIE J. VARGAS, Justice**

_____

**BRIANA H. ZAMORA, Justice**